CHARLES MONROE TENNISON V. STATE.

No. 30,792. June 17, 1959.
Motion for Rehearing Overruled October 14, 1959.

DAVIDSON, Judge, dissented.

*C. O. McMillan*, Stephenville, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is under Art. 802b, V.A.P.C., for the felony of driving while intoxicated with punishment assessed at 30 days in jail and a fine of $100.

The evidence was undisputed that the appellant drove his automobile upon a public highway at the time and place alleged.

The arresting officer, Highway Patrolman M. E. Wilson, testified that after he stopped the appellant he could smell the odor of alcohol on him, his eyes were watery and red, that he staggered when he walked and expressed his opinion that he was intoxicated. He further testified that on such occasion he examined the appellant's driver's license which was No. 3867761 and contained data showing appellant's date of birth, his physical description and address.

The evidence further shows that, with his consent, a specimen of appellant's urine was obtained and upon being examined at the laboratory of the Texas Department of Public Safety was shown to contain .33 of 1 per cent of alcohol by weight which Chemist Leslie C. Smith testified was a sufficient concentration of alcohol to cause a person to be intoxicated.

In proving the prior alleged conviction, the state offered in evidence certified copies of the complaint, information, and judgment in Cause No. 11,071, styled The State of Texas v. Charles Monroe Tennison on the docket of the County Court of Palo Pinto County, wherein the defendant was convicted on the 25th day of January 1954, upon a plea of guilty, of the misdemeanor offense of driving while intoxicated.

For the purpose of identifying the appellant as the defendant convicted in said cause the state introduced in evidence a certificate of H. C. Smith, custodian of the Driver and Vehicle Records Division of the Texas Department of Public Safety, which showed that a commercial operator's license No. 3867761 was originally issued to Charles Monroe Tennison whose description and residence shown thereon were the same as on the license in appellant's possession on the day of his arrest. It was further shown by the custodian's certificate that the license was subsequently renewed and on January 25, 1924 was suspended for six months because of a "driving while intoxicated conviction in Cause No. 11,071, Palo Pinto County Court, Palo Pinto County, Texas."

As a witness in his own behalf, appellant denied that he appeared before the county judge of Palo Pinto County and entered a plea of guilty on the 25th day of January 1954. On cross examination appellant admitted that he was driving the automobile on the day in question, admitted that he was charged in

1954 in Palo Pinto County with driving while intoxicated and further admitted that he was the same Charles Monroe Tennison who was issued Operator's License No. 3867761 which, according to the records, had been suspended for six months because of the Palo Pinto County conviction.

Appellant predicates his appeal upon certain claimed errors which he contends the court committed in admitting proof of the prior alleged conviction.

Appellant first contends that the court erred in admitting in evidence the certificate of the custodian of the driver and vehicle records of the Texas Department of Public Safety showing the operating record of Charles Monroe Tennison over the objection that it was not shown to be a record relating to the appellant and was hearsay. In Rice v. State, 163 Texas Cr. Rep. 367, 292 S.W. 2d 114, a similar certificate was held admissible under the provisions of Art. 3731a, V.A.R.C.S., and not subject to the objection of being hearsay when offered to identify the accused as a person previously convicted.

Appellant further insists that the court erred in admitting in evidence the records of the prior misdemeanor conviction in the county court of Palo Pinto County over his objection that he was not shown to be connected therewith or that he appeared before the court and entered the plea of guilty in the cause. The judgment which was introduced in evidence recited that the defendant did appear and answer ready for trial in the cause. The presumption is that a judgment in a criminal prosecution is correct, and the burden was upon appellant to overcome the presumption. Ex Parte Clark, 164 Texas Cr. Rep. 385, 299 S.W. 2d 128. The court, in his charge, instructed the jury that if they believed from the evidence, or had a reasonable doubt thereof, that the appellant did not appear in the county court of Palo Pinto County at the time the judgment in the cause was entered then it would be its duty to acquit the appellant. While the appellant did testify that he did not appear in court when the judgment was entered, and no witness was called to contradict his statement, the jurors were the exclusive judges of the weight to be given his testimony and were authorized to reject the same. See Texas Digest, Criminal Law, Sec. 742(1), and cases there cited. The court did not err in admitting the records of appellant's prior conviction.

We find the evidence sufficient to identify the appellant as the

defendant in the prior alleged conviction and to support the jury's verdict finding him guilty of the offense as charged.

The judgment is affirmed.

Opinion approved by the Court.

DAVIDSON, Judge, (dissenting).

Proof of appellant's prior conviction was made entirely by hearsay testimony, in violation of his constitutional guarantee to be confronted by witnesses against him.

My views upon this subject are reflected in my dissenting opinion in Davis v. State, 167 Texas Cr. Rep 524, 321 S.W. 2d 873.

I respectfully dissent.