**Rosemary Cecile HOLLIDAY, Appellant,**

v.

**Harry HOLLIDAY, Jr., Appellee.**

**No. 539.**

Court of Civil Appeals of Texas, Corpus Christi.

April 16, 1970.

Stone, Luther & Dyer, Max J. Luther, III, Corpus Christi, for appellant.

Mahoney, Shaffer, Hatch & Layton, George W. Shaffer, Corpus Christi, for appellee.

OPINION

GREEN, Chief Justice.

This is a divorce suit. The transcript was duly filed in this Court on De-

cember 23, 1969, after appellant's motion for extension of time to file same had been granted. The transcript discloses that the decree of the trial court was signed and entered on July 16, 1969, and that appellant's amended motion for a new trial, which does not seem to have been presented to or passed upon by the trial court, was overruled as a matter of law on September 21, 1969. No motion for extension of time in which to file the statement of facts was tendered for filing to the clerk of our Court until March 31, 1970. On this date, a statement of facts certified to by the court reporter on March 18, 1970, and approved by the trial court on March 25, 1970, was tendered to our clerk along with a motion for extension of time. In the absence of a *timely filed* motion seeking an extension of time in which to file the statement of facts, and showing good cause therefor, this Court has no authority to permit a late filing thereof. Rule 386, Texas Rules of Civil Procedure; Lane v. Fair Stores, Inc., 150 Tex. 566, 243 S.W.2d 683; Meridian Resources, Inc. v. Colley Gin Company, Tex.Civ.App. (Corpus Christi 1968), 430 S.W.2d 372, n. w. h.; Franke v. Franke, Tex.Civ.App. (Corpus Christi 1963), 373 S.W.2d 891, n. w. h. We accordingly denied appellant's motion for extension of time in which to file the proffered statement of facts. Hence, this appeal is before us without a statement of facts.

The transcript discloses that appellee husband sued appellant wife for a divorce and division of community property. Appellant filed answer and amended answer contesting the granting of the divorce. During the course of a non-jury trial, the appellant with leave of the court filed a trial amendment signed by her attorney in which she alleged grounds for divorce, and prayed that the court grant her a divorce together with an equitable division of the community property. The judgment states that the court "having heard the evidence and argument of counsel, and being of the opinion that the material allegations of such cross

action are supported by the evidence and are true, and that all of the requirements of law had been complied with, and that the Cross-Plaintiff, Rosemary Cecile Holliday, is entitled to a divorce from the Cross-Defendant, Harry Holliday, Jr., based upon full and satisfactory evidence, the following orders are therefore entered."

The judgment proceeds to deny the appellee's prayer for divorce, and to grant divorce to appellant as prayed for in her cross-action. The decree approved an agreed property settlement and apportioned the community property in accordance with the provisions of said agreement, all of which was set forth in the said judgment.

As demonstrated by appellant's statements and arguments in her brief under her three points of error, each of said points involve evidentiary matters. As to each point, it would be necessary that we refer to a statement of facts to determine whether reversible error is presented. The burden is upon the party appealing from a trial court judgment to show that the judgment is erroneous. In the absence of a statement of facts on file there is no way for us to examine the record before us to determine either the sufficiency of the evidence to support the judgment, or any other alleged error the existence of which depends upon matters in evidence. In such case, we assume as correct the findings and conclusions of the trial court as stated in its judgment. Lane v. Fair Stores, Inc., supra; Englander Co., Inc. y. Kennedy, Tex.Sup., 428 S.W.2d 806; Franke v. Franke, supra; Sanchez v. Carey, Tex.Civ. App. (Corpus Christi 1966), 409 S.W.2d 458, n. w. h. Appellant's three points of error are overruled.

We have jurisdiction of this appeal by reason of the timely filing of the transcript. We have examined the record on file in this Court, and find no fundamental error.

Judgment affirmed.