**Buddy J. LOFTIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05–81–00057–CR.

Court of Appeals of Texas,
Dallas.

Oct. 30, 1981.

Rehearing Denied Nov. 23, 1981.

Discretionary Review Refused
Jan. 27, 1982.

Rod L. Poirot and Conrad Sommers, Dallas, for appellant.

Henry Wade, Dist. Atty., Maridell Templeton, Asst. Dist. Atty., Dallas, for appellee.

Before ROBERTSON, STEPHENS and SPARLING, JJ.

STEPHENS, Justice.

Buddy J. Loftin was tried for murder, convicted, and sentenced by the jury to life imprisonment. The sentence was enhanced by one prior felony conviction. On appeal,

appellant asserts that the State did not comply with the Speedy Trial Act, that it was error to admit a penitentiary packet into evidence for enhancement without first identifying appellant as the person previously convicted, that the court erred by its failure to quash the enhancement provision of the indictment, and finally, that the court erred by refusing to allow the jury to consider evidence of the illegality of the prior conviction. These contentions are without merit and, thus, we affirm.

In the first ground, appellant contends that the trial court committed reversible error by denying his motion to set aside the indictment as violative of the Speedy Trial Act. Tex.Code Crim.Pro.Ann. art. 32A.02 (Vernon Supp. 1980–1981). The record indicates that appellant was arrested for the offense charged on April 24, 1979, and was continuously incarcerated from that date. A re-indictment was returned on September 4, 1979, and trial commenced on September 10, 1979. It was stipulated that the statutory time period of 120 days from the date of incarceration expired on August 24, 1979.

At the hearing on his pre-trial motion to dismiss, appellant contended the State had not announced ready under the present indictment within the statutory time limit, although he conceded that there had been agreements to reset, and an announcement of ready by the State under a previous indictment. Appellant's argument was that the previous announcement of ready was inapplicable to the September 4, 1979 indictment for the reason that it alleged "a little bit of a different situation."

In response, the State announced that it was presently ready for trial and further stated that it had not failed to be ready in the past. The State's position was that its announcement of ready in an earlier cause number was sufficient to satisfy the statutory requirements, as the September 4th cause number was merely a re-indictment for the same offense.

■ When the defendant in a criminal case files a motion to dismiss for failure to comply with the time limits established by the Act, the State must declare its readiness for trial then and at the times required by the Act. *Pate v. State*, 592 S.W.2d 620 (Tex.Cr.App.1980); *Barfield v. State*, 586 S.W.2d 538 (Tex.Cr.App.1979). This declaration constitutes a *prima facie* showing of conformity to the Act which defendant can rebut by introducing evidence demonstrating that the State was not ready for trial during the applicable time limits. *Barfield v. State, supra*.

■ Here, the State established a *prima facie* showing of compliance with the Act by announcing ready for trial at the hearing on the motion to dismiss and stating that it had been ready in the past. Appellant failed to come forward with evidence in support of his contention that the September 4, 1979 re-indictment was not related to a previous indictment under which he conceded the State had announced ready. The record does not contain any details as to previous indictments. In the absence of evidence, appellant failed to show that the present indictment was not merely a reindictment for the same offense. Appellant's first ground of error is overruled.

■ In his second ground, appellant asserts that the trial court committed reversible error by allowing the State to introduce into evidence a penitentiary packet for purposes of enhancement without first identifying the appellant as the person previously convicted. As its Exhibit Eight, the State introduced a penitentiary packet relating to appellant's prior conviction for assault with a prohibited weapon in 1970. Robert Croslin, a Dallas County Deputy Sheriff, testified that State's Exhibit Seven was a fingerprint card containing the fingerprints of appellant taken by Croslin on that day. State's Exhibits Seven and Eight were then admitted into evidence over appellant's objection. Deputy Croslin then testified that he had compared the sets of fingerprints in the penitentiary packet with those on the fingerprint card and found them to be identical. This is an accepted method by which the State can prove the accused to be the same person previously convicted. *Rios v. State*, 557 S.W.2d 87 (Tex.Cr.App.1977);

*West v. State*, 511 S.W.2d 502 (Tex.Cr.App. 1974).

In his third ground, appellant contends that the trial court committed reversible error by denying his motion to quash the second paragraph of the indictment in which the prior conviction was ·alleged for enhancement purposes. He argues that the prior conviction was void because he entered a plea of guilty and was sentenced on the same day without waiving the ten days allowed by article 41.02 of the Code of Criminal Procedure for the filing of a motion in arrest of judgment. The premature pronouncement of sentence constitutes only a procedural irregularity which renders the conviction voidable rather than void. A conviction may be challenged on the basis of such an irregularity only by means of a direct appeal. *Flanagan v. State*, 620 S.W.2d 591 (Tex.Cr.App.1981); *New v. State*, 583 S.W.2d 781 (Tex.Cr.App.1979); *Ex Parte Shields*, 550 S.W.2d 670 (Tex.Cr. App.1976); *Lewis v. State*, 501 S.W.2d 88 (Tex.Cr.App.1973). Appellant did not assert the untimeliness of the sentence in a direct appeal. His motion to quash the indictment in this case was an impermissible collateral attack on the prior conviction. Appellant's third ground of error is overruled. *New v. State, supra.*

In his last ground, appellant argues that the trial court committed reversible error by refusing to allow him to offer evidence before the jury of the allegedly illegal nature of the prior conviction. Whether or not the previous conviction was void was a question of law to be resolved by the court rather than the jury. Tex.Code Crim.Pro.Ann. art. 36.13 (Vernon 1981). Appellant's fourth ground of error is overruled.

Affirmed.