**Louis Roy ALLEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–87–00289–CR.**

Court of Appeals of Texas, Dallas.

Jan. 12, 1988.

S. Michael McColloch, David W. Coody, Dallas, for appellant.

Gary Moore, Dallas, for appellee.

Before DEVANY, LAGARDE and THOMAS, JJ. .

DEVANY, Justice.

 The question before us is whether the district court must have before it a statement of facts of the proceedings which occurred before the magistrate in order to adequately review the actions taken by the magistrate. We hold that a statement of facts is not necessary in order to make an adequate review of the proceedings that occurred before the magistrate. Consequently, we affirm the judgment of the trial court.

Louis Roy Allen, appellant, was indicted on September 13, 1985, for the offense of aggravated assault on a police officer. Appellant requested that the cause be referred to a magistrate and waived his right to a trial by jury. Appellant entered a plea of guilty pursuant to a plea bargain agreement. On August 1, 1986, the magistrate accepted appellant's guilty plea and recommended that appellant be assessed a six-year probated sentence. That same day, the trial court entered an order adopting the actions of the magistrate. The order recites:

BE IT KNOWN that the court has reviewed the actions taken by the Magis-

trate, sitting for this court, in the above numbered and styled case.

IT IS HEREBY ORDERED AND DE-CREED that the court specifically adopts and ratifies the actions taken by Magistrate R. KENNETH HURRINGTON on behalf of this court in compliance with Article 1918c V.A.C.S., AND FURTHER, GRANTS PROBATION TO THE DEFENDANT.

On January 8, 1987, the state filed a motion to revoke probation, alleging that the appellant had failed to report to his probation officer and had failed to pay his probation fees. Appellant entered a plea of not true to the allegations. Following a March 6, 1987 hearing, the trial court found the allegations in the State's motion true and revoked appellant's probation. The court then sentenced appellant to three years' confinement in the Texas Department of Corrections.

Appellant now attacks the original judgment containing the probation by contending that the trial court did not have before it a statement of facts of the original hearing conducted by the magistrate in 1986. Appellant argues that the trial court could not and did not conduct an adequate review of the magistrate's actions before entering an order adopting those actions. Appellant, therefore, reasons that his original judgment of conviction and probation was invalid and that he could not be found in 1987 to have violated that probation.

By requesting that his cause be referred to a magistrate, appellant waived his right to have his cause heard by a district judge and to have a jury trial. *Ex Parte Allen,* 699 S.W.2d 886, 888 (Tex.App.—Dallas 1985, pet. ref'd.). Appellant may still complain that the Magistrate's Act was not properly applied if the district court has abdicated its duty to review the actions taken by the Magistrate. *See Ex Parte Omura,* 730 S.W.2d 766, 766–68 (Tex.App.—Dallas 1987, pet. ref'd.).

The district court in 1986 had before it a transcript which included the following documents: (1) two orders transferring the case to the 291st Judicial District Court; (2) the True Bill of Indictment; (3) the trial docket sheet; (4) the State's announcement of ready; (5) the defendant's affidavit of indigency and the district court's order appointing an attorney; (6) the defendant's motion for appointment of counsel; (7) the defendant's request for referral to the magistrate and waiver of his right to have his cause heard by a district judge, together with the order of referral signed by the district judge; (8) appellant's waiver of jury; (9) appellant's plea bargain agreement; (10) the appellant's judicial confession; and (11) the plea of guilty, containing the admonishments by the magistrate to the appellant, together with the magistrate's findings and recommendations.

Appellant points out that there is no statement of facts. Section 54.309 of the Magistrate's Act provides: "At the request of a party, the court shall provide a court reporter to record the proceedings before the magistrate." TEX. GOV'T CODE ANN. § 54.309 (Vernon Pamph.Supp.1987). In *Omura,* 730 S.W.2d at 768, this court stated: "To review the magistrate's actions the district judge must have before him the record and any exhibits from the proceeding." The Magistrate's Act provides that: "At the conclusion of the proceedings, a magistrate shall transmit to the referring court any papers relating to the case, including the magistrate's findings, conclusions, orders, recommendations, or other action taken." TEX. GOV'T CODE ANN. § 54.311 (Vernon Pamph.Supp.1987). Since the language clearly says "at the conclusion of the hearing," we presume the "papers" referred to in the act does not mean a statement of facts which would result only when and if the court reporter, referred to in section 54.309, subsequently transcribes his or her recording of the proceedings. In reconciling the word "record" in *Omura* with section 54.311 of the act, we must be guided by the clear, uncontradicted language of section 54.311. Therefore, even if appellant had requested a court reporter as provided under section 54.309, the resulting statement of facts, if ordered, would not have been transmitted to the court along with the "papers" referred to in section 54.311. The district

court had all the papers required under section 54.311. Therefore, the appellant has not demonstrated that the district court did not have all the required documents before it to make a meaningful review of the actions taken by the magistrate. Accordingly, we hold that section 54.311, in providing what papers must be transmitted to the trial judge, does not necessarily include a statement of facts.

Appellant insists that in *Omura* we held that a statement of facts is absolutely required in order for a district judge to adequately review the actions of the magistrate. We do not agree with appellant's interpretation of *Omura*. We simply noted in *Omura* that the evidence heard by the magistrate was transcribed after the district court approved the magistrate's actions. To be properly understood, *Omura* must be read in the context of the fact situation in that case. In *Omura* the district court did not have *anything* before it to permit a review of the hearing before the magistrate. Needless to say, without any findings, conclusions, orders, or recommendations made by the magistrate, the district court could not make a review of anything. Indeed, the order adopting the actions of the magistrate in *Omura* was signed fifteen days before any of the papers from the magistrate's hearing were transferred to the district court. Furthermore, in *Omura,* the district judge confessed that the clerk of his court had prepared and signed the order and that he had never reviewed anything. In light of that background, our comment in *Omura* about transcribing the evidence heard by the magistrate must be read in the context in which it appears. In *Omura,* we were reiterating that the district court had *absolutely nothing* before it when the order adopting the actions of the magistrate was issued.

The judgment is affirmed.