Charles Dwight
ARMSTRONG, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–88–01106–CR.

Court of Appeals of Texas,
Dallas.

Nov. 17, 1989.

Rehearing Denied Dec. 29, 1989.

John D. Nation, Dallas, for appellant.

Patricia Poppoff Noble, Dallas, for appellee.

Before WHITHAM, McCLUNG and BAKER, JJ.

## OPINION

WHITHAM, Justice.

Appellant appeals a conviction for burglary of a building with intent to commit theft. The trial court assessed punishment at twenty years confinement in the Texas Department of Corrections. In his sole point of error, appellant contends that the evidence is insufficient to support his conviction. We disagree. The State appeals also. We find no merit in the State's three cross-points. Accordingly, we affirm the trial court's judgment and dismiss the State's appeal under TEX.CODE CRIM.PROC. ANN. art. 44.01(a)(1) and (c) (Vernon Supp. 1989).

### Appellant's Appeal

First, we address the appellant's appeal. The appellant argues that the State failed to prove that appellant entered the building with the intent to commit theft. This is a circumstantial evidence case. It is not required that the circumstances should to a moral certainty actually exclude every hypothesis that the act may have been committed by another person, but that the hypothesis intended is a reasonable one consistent with the facts proved and the circumstances, and the supposition that the act may have been committed by another person must not be out of harmony with the evidence. *Vaughn v. State*, 607 S.W.2d 914, 921 (Tex.Crim.App. 1980). The standard for reviewing the sufficiency of the evidence on appeal is the same for direct and circumstantial evidence cases; and that is to view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Garrett v. State*, 682 S.W.2d 301, 304 (Tex.Crim.App.1984), *cert. denied*, 471 U.S. 1009, 105 S.Ct. 1876, 85 L.Ed.2d 168 (1985). Viewed in the light most favorable

to the verdict, the record shows that Dennis Martinez saw a man, later identified as appellant, break into a retail store. At the time, Martinez was conducting a business meeting. Martinez heard a banging sound outside the premises and then a crash. Martinez went outside to inspect and saw that appellant had just kicked in the door of a hair salon in the next building. Martinez yelled, "What are you doing?" Appellant quickly walked away. The police were notified immediately, but apparently they passed the building without stopping. As Martinez waited for the arrival of the police, he saw appellant again. This time appellant was "kind of looking" at him "for some reason." At that point appellant was carrying something which Martinez did not identify. Martinez observed appellant walk across the street looking back. Martinez called the police again. Martinez watched as appellant threw a brick through the window of a garden center or plant nursery located in the same area. After appellant threw the brick through the window, appellant proceeded to climb into the nursery. Martinez got into his car and drove up to the nursery. Martinez removed his baseball bat from the trunk of his car and ordered appellant to stay in the building until the police arrived. It appeared to Martinez that appellant saw his head lights coming toward the building and was starting to climb out of the building. Evidently, appellant decided to stay inside the building as Martinez approached him. Appellant stayed there until the police arrived. The nursery had been closed for business for the day. Martinez described the time of the offense as follows: "It was in the evening before sunset. Right about sunset."

Steven King testified at trial that on May 10, 1988, he was employed at the nursery as manager of the landscape division with care, custody, and control of the equipment and merchandise in that office. That night a police officer called him and asked him to come to the nursery to secure it. When he arrived at the scene, appellant was being held in the squad car. King walked

through the broken window of the building to inspect the premises. It appeared to King that someone had been going through his desk drawers and had moved the recorder on his desk. Things in the desk drawer appeared to be "shuffled through." King did not give appellant permission to go through his desk or break into the window or enter the building. King had a greater right to possession of the building than the appellant.

At this point in trial, appellant's attorney agreed to the stipulation of evidence regarding the arresting officer's testimony which would have been presented at trial. The stipulated testimony was admitted into evidence. The testimony of Officers Plachesis and Hackbarge was that on the evening of the offense they were dispatched to the burglarized premises at approximately 9:00 p.m. They arrested appellant in the premises. Their visual inspection of the building led them to conclude "the desk drawers of the office had been gone through."

■ We conclude that appellant's physical presence in the building at the time of his apprehension is prima facie proof of appellant's entry of the building. The question of the intent with which a person enters a building is a fact question which the jury can resolve from the surrounding circumstances. *Ortega v. State,* 626 S.W.2d 746, 749 (Tex.Crim.App.1981). In the present case, the jury heard the circumstances of the condition of the contents of King's desk drawer and the moving of the recorder on his desk. We conclude, therefore, that the jury drew the inference from these surrounding circumstances that appellant entered the building with the intent to commit theft. Indeed, no other reasonable inference is supported by the evidence. Testifying in his own behalf, appellant stated he could not remember much about the burglary because he was drunk at the time and did not know what he had been doing inside the nursery. Consequently, we conclude that in the present case any rational trier of fact could have

found the essential elements of burglary of a building with intent to commit theft from the evidence beyond a reasonable doubt. We reason that the cumulative force of all the incriminating circumstances was sufficient for the jury, as the trier of fact, to decide, as they did, that appellant was guilty beyond a reasonable doubt of the offense with which he was charged. *See Vaughn,* 607 S.W.2d at 921. We conclude, therefore, that the evidence was sufficient to support the conviction. We overrule appellant's sole point of error.

### *The State's Appeal*

Next, we consider the State's appeal pursuant to the provisions of TEX.CODE CRIM. PROC.ANN. art. 44.01 (Vernon Supp.1989). In its first cross-point, the State contends that the trial court erred in allowing an impermissible collateral attack on the sufficiency of the evidence to support appellant's prior conviction. In its second cross-point, the State contends that the failure of the record to contain a transcription of the proceedings before the magistrate on a prior conviction does not render the trial court's judgment void. In its third cross-point, the State contends that the trial court erred in finding as a matter of law that the appellant's conviction alleged in the second paragraph of the indictment could not be used for enhancement purposes. Article 44.01 states:

(a) The state is entitled to appeal an order of a court in a criminal case if the order:

(1) dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint;

(2) arrests or modifies a judgment;

(3) grants a new trial;

(4) sustains a claim of former jeopardy; or

(5) grants a motion to suppress evidence, a confession, or an admission, if jeopardy has not attached in the case and if the prosecuting attorney certifies to the trial court that the appeal is not

taken for the purpose of delay and that the evidence, confession, or admission is of substantial importance in the case.

(b) The state is entitled to appeal a sentence in a case on the ground that the sentence is illegal.

(c) The state is entitled to appeal a ruling on a question of law if the defendant is convicted in the case and appeals the judgment.

TEX.CODE CRIM.PROC.ANN. art. 44.01 (Vernon Supp.1989).

Although the State carefully avoids any challenge to the trial court's fact finding in its judgment of "not true" to the second enhancement paragraph, our disposition of the State's appeal focuses our efforts on the trial court's fact finding in its judgment that the enhancement allegations in the second paragraph of the indictment were "not true." The problem scenario originates in the criminal court magistrate practice utilized in Dallas County. The State relied upon its Exhibit No. 8 to prove the prior felony conviction alleged in the second paragraph. (This prior conviction had been referred to a magistrate). To show what then transpired we quote the State's brief in order that we present subsequent events in the light tendered by the State:

During the trial of the instant case, the defense objected to the admission of proof of the prior conviction alleged in the second paragraph of the indictment. (R.III–12). The grounds on which the objection was based were stated as follows:

... No statement of facts was prepared in this case either prior to or subsequent to Judge [ ] signing the judgment in the case.

\*   \*   \*   \*   \*   \*

... Omura was exactly the case that we had before us today, a district judge reviewing plea papers but without any statement of facts or guidance by a—a judge can receive from the findings of facts and conclusions of law. All the Judge had before him

were the plea papers which are nothing more than plea papers. It's no evidence of any hearing of what was said or done at that hearing and for that reason Judge [ ] as was the custom at that time made—did sign a statement based on facts that he had no knowledge of and therefore that judgment is void. That's the position of the defense in that matter.

(R.III–16, 17).

The State responded to this objection as follows:

We would reurge the earlier State's argument to the defense's argument proposed that the judge did not need— under Allen v. State, 748 S.W.2d 16 [Tex.App.1988], the district court could not have before it a statement of facts proceedings which occurred before the magistrate nor to adequately review actions made by the magistrate—if I understand, that's the basis of her contention with the first enhancement paragraph of the State. We don't need it and we have got everything that Allen v. State cited at 748 S.W.2d 16 states—enumerates in that holding. We have got all of that and besides I told you earlier, Your Honor, in the State's Exhibit Number 8 Judge [ ] did make—Magistrate [ ] did make two findings of fact, that the defendant was mentally competent to stand trial and that he freely and voluntarily waived his right to jury trial, and those factual findings were before Judge [ ] when he adopted the Magistrate's holdings.

\*   \*   \*   \*   \*   \*

If you are talking about one particular document that reflects a statement of facts, I don't see that contained in State's Exhibit Number 8 but that's not necessary, Your Honor, under Allen v. State. Under the magistrate's —the statute that says what the magistrate must have in the Government Code, Article 54.311, it says at the conclusion of the proceedings the mag-

istrate shall transmit to the referring court any papers relating to the cause including the magistrate's findings, conclusions, orders or recommendations or any other action taken ... the statute says "includes." It's not mandatory. It sounds permissive.

(R.III–17–19).

No written motion to quash or order dismissing the enhancement paragraph appear in the record of this case. After a review of the State's Exhibit No. 8, the proof of the conviction in Cause No. F85–89205–MTR, the trial judge stated:

> The Court grants the defendant's motion regarding paragraph two of the indictment. The Court finds as a matter of fact that the Judge of the criminal district court did not have before him any facts heard by the magistrate and therefore could not have properly reviewed and approved of that finding. The Court makes these findings beyond a reasonable doubt.

(R.III–19).

This ends the quotation from the State's brief. The trial court in the present case then made the following entry on the docket sheet:

> August 23, 1988
>
> Second and third paragraphs of the indictment presented. Plea of untrue to the second paragraph of the indictment. Pleas [sic] of true to the third paragraph of the indictment. Evidence presented. Finding of fact by the Court that the conviction alleged in paragraph 2 of the indictment was heard by a magistrate (selected pursuant to Art. 1918C CCP). That there was no statement of facts and nothing before the district judge in order to review the action of the magistrate. Finding as a matter of law that the conviction could not be used for enhancement purposes. These findings are made beyond a reasonable doubt.

■ The State advances a two-pronged argument under its appeal. First, the State asserts that the trial court's action was the equivalent of granting a motion to quash the second enhancement paragraph of the indictment. The State reasons that the trial court action created confusion because the trial court granted "a motion" for the defense, when in fact, the defense had made an objection to the admission of evidence which the State would have relied upon to prove the appellant's prior conviction. Hence, the State tells us in its brief that "the result of the court's action was the equivalent of granting a motion to quash the enhancement paragraph of the indictment." Therefore, the State maintains that it is entitled to appeal the grant of a motion to quash the second paragraph of the indictment under the provisions of article 44.01(a)(1).[1] We disagree. We conclude that the trial court's actions did not constitute the granting of a motion to quash the second paragraph of the indictment. We reach this conclusion because the trial court's judgment finds the second paragraph "not true." We reason that the trial court would not have later found "not true" an enhancement allegation that stood quashed by previous trial court action. Hence, we find no merit in the first prong of the argument advanced by the State.

■ In the second prong of the State's argument under its appeal, the State contends that it appeals a ruling on a question of law given that the appellant stands convicted and appeals the judgment. See TEX. CODE CRIM.PROC.ANN. art. 44.01(c) (Vernon Supp.1989). The State argues that the trial court made a ruling of law when, in speaking of the judge's action in the prior conviction, the trial court in the present case stated: "that the [prior judge] could not have properly reviewed and approved of that finding." The State reasons that what constitutes a proper review and approval of

---

1. Effective July 1, 1989, the State's appeal under article 44.01(a)(1) would have been untimely as not made within 15 days after the date on which the order, ruling, or sentence to be appealed was entered by the court. See article 44.01(d). However, we treat the 15 day limitation as inapplicable as the State appealed prior to July 1, 1989.

proceedings before a magistrate is a question of law governed by statute, citing TEX. GOV'T.CODE ANN. §§ 54.309, 54.311 (Vernon 1987). The State also finds a ruling on a question of law when the trial court entered on the docket sheet a notation which resulted in the dismissal of the second paragraph of the indictment. We view the present case in a different posture than argued by the State.

Instead, in our view, we have a bench trial at which the trial court, as trier of fact, must decide a fact question, i.e., whether the second enhancement paragraph is "true" or "not true." The trial court made that fact determination to be "not true." In disposing of the second prong of the State's argument, we must keep this important circumstance in mind: we have a bench trial at which the trial court, as trier of fact, must decide a fact question—whether the second enhancement paragraph is "true." In the present case, at the moment the trial court signed the judgment a fact determination was finally cast up by the fact finder—"not true." Therefore, we must be mindful of certain well established principles applicable to trial court judgments. We are bound by the record made in the trial court, *Evans v. State*, 622 S.W.2d 866, 868 (Tex. Crim.App.1981), and, absent a showing to the contrary, we presume that the recitations in the judgment are correct. *Thompson v. State*, 641 S.W.2d 920, 921 (Tex. Crim.App.1982); *Miller v. Hood*, 536 S.W.2d 278, 285 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.), *Dorfman v. Dorfman*, 457 S.W.2d 417, 421 (Tex.Civ. App.—Texarkana 1970, no writ). As the Court of Criminal Appeals stressed in *Kelley v. State*, 676 S.W.2d 104 (Tex.Crim.App. 1984), every presumption is to be indulged in favor of regularity of the proceedings and documents in the trial court. *See Schneider v. State*, 594 S.W.2d 415, 418 (Tex.Crim.App.1980); *McCloud v. State*, 527 S.W.2d 885, 887 (Tex.Crim.App.1975); *Green v. State*, 510 S.W.2d 919, 921 (Tex. Crim.App.1974); *Martinez v. State*, 504 S.W.2d 897, 899 (Tex.Crim.App.1974);

*Scates v. State*, 161 Tex.Crim. 114, 274 S.W.2d 833, 834 (1955). The burden is on appellant to overcome the presumption that the judgment is correct. *Tennison v. State*, 168 Tex.Crim. 354, 327 S.W.2d 575, 576 (1959); *Ex parte Clark*, 164 Tex.Crim. 385, 299 S.W.2d 128, 129 (1957); *Travelers Insurance Co. v. Brown*, 402 S.W.2d 500, 504 (Tex.1966); *Jones v. State*, 644 S.W.2d 546, 549 (Tex.App.—Dallas 1982) (en banc), *pet. ref'd*, 646 S.W.2d 449 (Tex.Crim.App. 1983); *Taylor v. American Emery Wheel Works*, 480 S.W.2d 26, 30 (Tex.Civ.App.— Corpus Christi 1972, no writ); *Holliday v. Holliday*, 453 S.W.2d 512, 514 (Tex.Civ. App.—Corpus Christi 1970, no writ). *See Ex parte Stacey*, 682 S.W.2d 348, 349 (Tex. App.—Dallas 1984) (en banc), *rev'd on other grounds*, 709 S.W.2d 185, 189 (Tex.Crim. App.1986) (approving of the presumption of correctness).

■ Moreover, the trial court's judgment in the present case specifically recites that, as to the enhancement paragraphs, the trial court heard evidence. Thus, we are also mindful of other well established principles applicable to the trial court's finding of "not true" to the second enhancement paragraph. Because the judgment unequivocally states that the judge heard the evidence, absent evidence in rebuttal we cannot infer otherwise. When a judgment recites that evidence was introduced, we must presume sufficient evidence was introduced to support the judgment. *Roye v. Silver Dollar Financing, Inc.*, 432 S.W.2d 123, 125 (Tex. Civ.App.—Fort Worth 1968, no writ). Absent direct proof to the contrary, recitations in a judgment are presumed true *and control the rest of the record*. *Allen v. Bolton*, 416 S.W.2d 906, 911 (Tex.Civ.App. —Corpus Christi 1967, no writ). *See also Escobar v. State*, 587 S.W.2d 714, 716 (Tex. Crim.App.1979); *Gutierrez v. State*, 456 S.W.2d 84, 85 (Tex.Crim.App.1970); *Smith v. State*, 455 S.W.2d 748, 756 (Tex.Crim. App.1970); *Murchison v. Caruth Building Service*, 369 S.W.2d 380, 384 (Tex.Civ.App. —Dallas 1963, writ ref'd n.r.e.). *See Ex parte Stacey*, 682 S.W.2d at 350. In the

present case, since the judgment recites that the trial court heard evidence as to the enhancement paragraphs, we must presume sufficient evidence was introduced to support the judgment. Indeed, the State fails to point to direct proof to the contrary. Again we note that the State carefully avoids any challenge to the trial court's fact finding in the judgment of "not true" to the second enhancement paragraph. Hence, we conclude that the presumption of sufficient proof controls the rest of the record. Therefore, we find no merit in the second prong of the argument advanced by the State.

Our reliance upon the presumption of sufficient proof in finding no merit in the second prong of the State's argument requires explanation in light of confusing aspects of the record in this case. Indeed, the trial court may well have heard and considered evidence persuading it to a finding of fact of "not true" that does not appear in our record and which is separate and apart from State's Exhibit No. 8. Consider what the statement of facts in our record tells us about the punishment hearing(s) in the present case.

First, the following:

### PROCEEDINGS

THE COURT: Show in the record that by agreement of all parties that the punishment hearing or the portion of the punishment hearing previously held in this case has been completely disregarded for various reasons and that all parties agree that the punishment hearing may begin at this time.

Do you agree?

[PROSECUTOR]: The State will agree.

[DEFENSE COUNSEL]: The defense is in agreement.

THE COURT: We need the defendant, also.

[DEFENSE COUNSEL]: He's in the jury room. If we could ask the bailiff to be so kind.

(The defendant entered the courtroom.)

THE COURT: Present the second and third paragraphs of the indictment, please.

[DEFENSE COUNSEL]: May it please the Court, the defendant will plead not true to the second paragraph and true to the third.

THE COURT: Will you come up?

(The defendant approached the bench.)

The trial court then proceeded to admonish appellant on his plea of true to the third enhancement paragraph. At no time did the appellant agree personally to disregard previous punishment proceedings. The record does not tell us why the previous punishment proceedings were to be disregarded.

Second, later in the statement of facts of the above reported proceedings, the record reflects:

THE COURT: Any further testimony?

[PROSECUTOR]: Not from the State. We would urge you to find both paragraphs to be true.

[DEFENSE COUNSEL]: I don't want to burden the Court with hearing what the Court has heard already on the punishment issue unless you would like for us to go through that again on the record.

THE COURT: Would you, please?

[DEFENSE COUNSEL]: Sure. I don't have the sister here. Her vacation is over. She's not even available to be called.

THE COURT: I didn't mean that. I mean your position based on the validity of State's Exhibit Number 8.

[DEFENSE COUNSEL]: *I was talking about calling my client to the stand. You don't want to hear from him again, do you? You have heard from him once.*

THE COURT: No.

(emphasis added). We cannot say whether "hear from [appellant] again" refers to appellant's testimony at the guilt or innocence stage or to appellant's possible testimony at the "punishment hearing previous-

ly held" and proposed to be disregarded, but perhaps not disregarded after all. The question "[y]ou don't want to hear from him again, do you? [Y]ou have heard from him once" together with the trial court's "no" response, could well be the trial court and attorneys' agreement to consider appellant's testimony at "the punishment hearing previously held." In that case, evidence not in our record might lead the trial court to find as a fact "not true" to the second enhancement paragraph. Under those circumstances, we conclude that the State's position that the trial court made "a ruling on a question of law" under article 44.01(c) is of no moment. Indeed, absent the statement of facts of "the punishment hearing previously held" the State cannot show "direct proof to the contrary" as would rebut the presumption of sufficient proof to support the trial court's fact finding of "not true."

In light of the above, we find no merit in any of the State's cross-points. Consequently, we overrule the State's three cross-points. Having overruled the appellant's sole point of error, we affirm the trial court's judgment and dismiss the State's appeal.

BAKER, J., dissents.

BAKER, Justice, dissenting.

I concur with the majority in their disposition of appellant Armstrong's insufficiency of the evidence point of error. I also concur with the majority's conclusion that under this record the State's cross-appeal cannot be sustained under article 44.-01(a)(1) of the Texas Code of Criminal Procedure. However, I respectfully dissent from the majority's decision that the State cannot maintain its cross-appeal under article 44.01(c) of the Texas Code of Criminal Procedure.

The majority concludes that because trial of the primary offense was before the court, the court, as the trier of fact, decided only a fact question. Upon determination of this fact question, the trial court concluded that the second enhancement paragraph was not true. In my view, this conclusion is erroneous. The decision of the trial court when it ruled on appellant's objection to the State's offer of proof of the prior conviction as alleged in the indictment's second paragraph was a ruling of law. As stated by the majority, appellant objected to the State's offer of evidence on the ground that the judgment of the enhancement conviction was void because there was no statement of facts of the magistrate's hearing before the presiding judge who signed the judgment in the underlying case. It is clear from the record that appellant relies on *Omura v. State*, 730 S.W.2d 766 (Tex.App.—Dallas 1987, pet. ref'd), as the basis of this objection. The State argued that the conviction was not void for lack of a statement of facts and relied on this Court's opinion in *Allen v. State*, 748 S.W.2d 16 (Tex.App.—Dallas 1988, no pet.).

In ruling on the admissibility of the State's evidence to prove the enhancement paragraph, the court stated:

> The court grants the defendant's motion regarding paragraph four of the indictment. The court finds as a matter of fact that the Judge of the criminal district court did not have before him any facts heard by the magistrate and therefore could not have properly reviewed and approved of that finding. The court makes these findings beyond a reasonable doubt.

The trial court then made the following entry on the docket sheet:

> August 23, 1988.
>
> Second and third paragraphs of the indictment presented. Plea of Evidence presented. Finding of fact by the Court that the conviction alleged in paragraph 2 of the indictment was heard by a magistrate (selected pursuant to Article 1918C CCP). That there was no statement of facts and nothing before the district judge in order to review the action of the magistrate. Finding as a matter of law that the conviction could

not be used for enhancement purposes. These findings are made beyond a reasonable doubt.

It is clear from this record that the trial court made a ruling regarding whether the judge in the underlying conviction used for enhancement purposes complied with the requirements of the Dallas County Magistrate's Act. TEX.GOV'T.CODE ANN. § 54.501 et seq. (Vernon 1988). The trial court held that the judge in the underlying case used for enhancement purposes failed to comply with the Act in derogation of sections 54.-311 and 54.312 because the judge could not have properly reviewed the actions of the magistrate. See Omura, 730 S.W.2d at 767–68 (Tex.App.—Dallas 1987, pet. ref'd); TEX.GOV'T.CODE ANN. §§ 54.311, 54.312 (Vernon 1988). In my view, the question of whether a judge has complied with the requirements of the Dallas County Magistrate's Act is one of law. See Loftin v. State, 624 S.W.2d 351, 353 (Tex.App.—Dallas 1981, pet. ref'd); TEX.R.CRIM.EVID. 104(a); TEX.CODE CRIM.PROC.ANN. art. 36.13 (Vernon 1988).

The Texas Code of Criminal Procedure, section 44.01(c), permits the State to appeal rulings on questions of law if the defendant is convicted in the case and appeals the judgment. See TEX.CODE CRIM.PROC. ANN. art. 44.01(c) (Vernon Supp.1989). Because the defendant in the present case was convicted and is appealing, and because the issue of whether the underlying enhancement conviction was void is a question of law, the State's cross-appeal should be considered on its merits.

In its first crosspoint, the State contends that the trial court erred in allowing an impermissible collateral attack on the sufficiency of the evidence to support appellant's prior conviction in the second enhancement paragraph. I agree. In this case, the trial court held that because the evidence offered by the State as proof of the enhancement paragraph reflected that the presiding judge did not have a statement of facts before him, the judge could not have properly reviewed and approved of the magistrate's findings. The trial judge held that because of that fact, as a matter of law, the second paragraph conviction could not be used for enhancement purposes. In my view, this conclusion is erroneous, and this Court's decision in Allen v. State, 748 S.W.2d 16 (Tex.App.—Dallas 1988, no pet.) controls. That is, that a statement of fact is not absolutely required in order for a district judge to adequately review the actions of the magistrate. See Allen, 748 S.W.2d at 18. The trial court's ruling that the prior conviction was void on that ground is erroneous as a matter of law.

This conclusion does not end the inquiry because this Court cannot reverse if the prior conviction was inadmissible for any reason, even though the trial court may have given an erroneous reason for the exclusion of the evidence. See Sewell v. State, 629 S.W.2d 42, 45 (Tex.Crim.App. 1982). In my view, the evidence was not excludable for any reason because appellant's attack on its admissibility amounts to an impermissible collateral attack on the sufficiency of the evidence to support the underlying conviction. See Wolfe v. State, 560 S.W.2d 686, 688 (Tex.Crim.App.1978); Williams v. State, 767 S.W.2d 868, 871 (Tex.App.—Dallas 1989, pet. ref'd).

I would sustain the State's first crosspoint and reverse and remand for further proceedings pursuant to article 44.29 of the Texas Code of Criminal Procedure. See Ex parte Klasing, 738 S.W.2d 648, 650–51 (Tex.Crim.App.1987); Kingsley v. State, 744 S.W.2d 191, 196 (Tex.App.—Dallas 1987, pet. granted); TEX.CODE CRIM.PROC. ANN. art. 44.29 (Vernon 1988).