Charles Dwight
**ARMSTRONG, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 128–90.**

Court of Criminal Appeals of Texas,
En Banc.

March 20, 1991.

Clinton and Overstreet, JJ., concurred in result.

John D. Nation, Dallas, for appellant.

John Vance, Dist. Atty., and Patricia Poppoff Noble, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

Appellant was convicted in a bench trial of the offense of burglary of a building. At his punishment hearing, appellant pled not true to the second paragraph and true to the third paragraph [1] of the indictment. The trial court excluded the State's proof of the second paragraph and found those allegations not true. The court then found the allegations in the third paragraph true and sentenced appellant to twenty years confinement.

Appellant appealed and the State cross-appealed. The State contended that the trial court's actions had the effect of dismissing a portion of the indictment and also that this was a matter of law urged after appellant was convicted and appealed the judgment. See Article 44.01(a)(1) and (c), V.A.C.C.P. The Court of Appeals affirmed the conviction and dismissed the State's appeal. *Armstrong v. State*, 781 S.W.2d 937 (Tex.App.—Dallas 1989). We granted the State's petition to decide whether the trial court's determination that evidence of the prior conviction was inadmissible was appealable under Art. 44.01(c).

At the penalty hearing, the State offered a copy of a "pen packet" in support of the enhancement allegations in the second paragraph. Appellant objected on the

---

1. In the indictment in the instant case, the second paragraph of the indictment was the paragraph which contained the first enhancement allegation of the indictment. The third paragraph of the indictment contained the second enhancement allegation. Therefor, in the instant case appellant pled not true to the first enhancement paragraph and true to the second enhancement paragraph.

ground that certain provisions of the Dallas County Magistrates Act[2] had not been followed and therefore the conviction was void. The trial judge "granted the defendant's motion" and made factual findings that the Act had not been followed. In addition, the docket sheet reflects that the trial court found "as a matter of law that the conviction could not be used for enhancement purposes." The Court of Appeals decided the trial court's finding that the enhancement paragraph was "not true" was an evidentiary determination and that the State may not appeal from that determination of a question of fact. We disagree with this holding by the majority opinion of the Court of Appeals.

■ Article 44.01(c) provides that the State "is entitled to appeal a ruling on a question of law if the defendant is convicted and appeals the judgment." We agree with the dissenting opinion of Justice Baker of the Court of Appeals that "the question of whether a judge has complied with the requirements of the Dallas County Magistrate's Act is one of law." *Armstrong v. State*, 781 S.W.2d, at 945, and cases cited therein. Therefore, as Justice Baker pointed out, because appellant was convicted and is appealing, and because the issue of whether the conviction alleged for enhancement was void is a question of law, the State's cross-appeal had merit. The

State may indeed bring this issue on appeal, pursuant to Art. 44.01(c).

■ This merely begins our analysis. The related question is whether the State is entitled to a determination of the issue raised. We are aware that at least two courts of appeals have refused to consider a State's appeal under Art. 44.01(c) when it was not. ultimately dispositive of the appeal. *Hargrove v. State*, 774 S.W.2d 771 (Tex.App.—Corpus Christi 1989, pet. ref'd); *Chavez v. State*, 769 S.W.2d 284 (Tex.App. —Houston [1st] 1989, pet. ref'd). See Tex. R.App.Pro. 90. We are faced with a similar circumstance in this cause.

■ The Court of Appeals affirmed the conviction, hence no retrial will be forthcoming. After appellant sought an appeal from this affirmance, the State brought this appeal from the trial court's decision to exclude evidence of one of appellant's prior convictions.[3] Because appellant was denied relief on direct appeal and there will be no retrial, the State may not attempt to try appellant again as a habitual criminal in this cause, by allegation of the same or a different prior conviction. The constitutional proscriptions against being twice placed in jeopardy for the same offense prohibit the State from attempting to again prove appellant's status as a habitual

---

**2.** Tex.Gov't.Code Ann. § 54.501 *et seq.* (Vernon 1988). *The specific provisions that appellant had asserted were not followed by the trial judge in the prior cause and are not necessary for determination of the issues raised in this petition and will not be discussed.*

**3.** Even though we find that the state's argument on appeal will not be reached, we do believe the trial court's actions in the instant cause were in error. As the dissenting opinion of Justice Baker pointed out, the trial court excluded the evidence of appellant's second prior conviction based upon an impermissible collateral attack by appellant upon that conviction:

"In this case, the trial court held that because the evidence offered by the State as proof of the enhancement paragraph reflected that the presiding judge did not have a statement of facts before him, the judge could not have properly reviewed and approved of the magistrate's findings. The trial judge held that because of that fact, as a matter of law, the second paragraph conviction could not be

used for enhancement purposes. In my view, this conclusion is erroneous, and this Court's decision in *Allen v. State*, 748 S.W.2d 16 (Tex. App.—Dallas, 1988, no pet.) controls. That is, that a statement of fact is not absolutely required in order for a district judge to adequately review the actions of a magistrate. See *Allen*, 748 S.W.2d at 18. The trial court's ruling that the prior conviction was void on that ground is erroneous as a matter of law.
... In my view the evidence was not excludable for any reason because appellant's attack on its admissibility amounts to an impermissible collateral attack on the sufficiency of the evidence to support the underlying conviction. See *Wolfe v. State*, 560 S.W.2d 686, 688 (Tex.Cr.App.1978); *Williams v. State*, 767 S.W.2d 868, 871 (Tex.App.—Dallas 1989, per ref'd).
*Armstrong v. State*, 781 S.W.2d at 945.
We agree with the conclusion of Justice Baker that appellant's argument before the trial court was an impermissible collateral attack on the conviction alleged for enhancement.

offender. *Ex parte Gonzales,* 707 S.W.2d 570 (Tex.Cr.App.1986); *Ex parte Bullard,* 679 S.W.2d 12 (1984). The United States Supreme Court has held that a "judgment of acquittal, however erroneous, bars further prosecution on any aspect ... and hence bars appellate review of the trial court's error." *Sanabria v. United States,* 437 U.S. 54, 69, 98 S.Ct. 2170, 2181, 57 L.Ed.2d 43, 57 (1978).

█ Were the Court of Appeals to address the State's argument and find the State was entitled to the relief it sought, the State could not relitigate the habitual offender allegation. Any opinion from the Court of Appeals deciding the validity of the judgment in the enhancement allegations of the second paragraph would therefore be advisory. This Court and the Court of Appeals are without authority to render advisory opinions.[4] See *Ex parte Ruiz,* 750 S.W.2d 217 (Tex.Cr.App.1988).

The judgments of the Court of Appeals and of the trial court are affirmed.

CLINTON and OVERSTREET, JJ., concur in the result.

That situation is not presented here.

---

**4.** This Court does have authority to answer certified questions of law. See Tex.R.App.Pro. 214.