harper 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-310-CR





THOMAS EUGENE HARPER,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF LEE COUNTY, 21ST JUDICIAL DISTRICT



NO. 4351, HONORABLE H. R. TOWSLEE, JUDGE PRESIDING 



 





 Over a plea of not guilty, the jury found Thomas Eugene Harper guilty of driving
a motor vehicle while intoxicated, third offense. See Tex. Rev. Civ. Stat. Ann. art. 6701l-1(b)
(Supp. 1992). The trial court sentenced Harper to three-years imprisonment, with all but thirty
days of the sentence probated. The trial court also ordered Harper to pay a $1000 fine, suspended
his driver's license for six months, and ordered him to pay court costs and his own attorney's
fees. Harper appeals. We will reverse the judgment and remand the cause for a new trial.



THE CONTROVERSY


 A Lee County grand jury indicted Harper on November 19, 1990, for the offense
of driving while intoxicated. The indictment alleged that Harper had previously been convicted
twice of driving while intoxicated, once in Lee County and once in Fayette County, and that each
conviction became final before the November 19, 1990, indictment.

 On the day the case came to trial, the State filed a motion to amend the indictment. 
The original indictment alleged Harper's second conviction for driving while intoxicated was in
Lee County cause number 8745; the amended indictment alleged the second conviction was in Lee
County cause number 8797. The trial court granted the State's motion over Harper's objection.

 The jury found Harper guilty of driving while intoxicated. Based on that verdict,
the trial court sentenced Harper as indicated above.



DISCUSSION


 In his first point of error, Harper complains the trial court erred by allowing the
State to amend the indictment on the morning of trial. We agree.

 The court of criminal appeals resolved this exact issue in Sodipo v. State, 815
S.W.2d 551 (Tex. Crim. App. 1990). In Sodipo, the State moved on the morning of trial to
amend the indictment to change a cause number in an enhancement paragraph. Over the
defendant's objection, the trial court granted the motion. The court of criminal appeals held the
trial court erred by granting the motion to amend: Because the defendant objected to the motion
to amend the indictment, "the State was not permitted to amend the instant indictment on the date
of trial prior to trial on the merits commencing." Id. at 556. Concluding no harm analysis was
necessary, the court of criminal appeals reversed the conviction and remanded the cause for a new
trial. Id. 

 The present cause contains facts indistinguishable from Sodipo. On the morning
of trial, the State moved to amend the indictment to change a cause number in an enhancement
paragraph. Harper objected to the motion to amend. We believe Sodipo compels reversal on
these facts.

 The State apparently urges that we ignore the holding in Sodipo, arguing the
rationale of the case "defies logic" because it defeats the purpose of article 28.10 of the Code of
Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 28.10 (1989). Whatever the merits
of this contention, we are bound by the law established by the court of criminal appeals. 
Moreover, we note the court of criminal appeals has interpreted article 28.10 in such a way that
it does not apply by its terms to the facts of the present cause. See Sodipo, 815 S.W.2d at 555
("A careful reading of Article 28.10 reveals that neither Subsection (a) or (b) addresses an
indictment amendment on the date of trial prior to the commencement of trial on the merits."). 
We decline the State's invitation to ignore the stare decisis effect of a court of criminal appeals
decision.

 Because we reverse the trial-court judgment on point of error one, we need not
address points of error two through nine. See Tex. R. App. P. Ann. 90(a) (Pamph. 1992) (a court
of appeals opinion should address issues "necessary to final disposition of the appeal"); see also
Armstrong v. State, 805 S.W.2d 791, 794 (Tex. Crim. App. 1991) (a court of appeals may not
render an advisory opinion).

 We reverse the judgment of the trial court and remand the cause for a new trial.



 John Powers, Justice

[Before Justices Powers, Jones and Kidd]

Reversed and Remanded

Filed: June 10, 1992

[Do Not Publish]