Affirmed and Memorandum Opinion filed April 15, 2004









Affirmed and Memorandum Opinion filed April 15, 2004.

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00853-CR

____________

 

PAUL JOHNSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 263rd
District Court

Harris County, Texas

Trial Court Cause No. 930,226

 



 

M E M O R A N D U M   O P I N I O N

Appellant Paul Johnson appeals from his
felony conviction for burglary of a habitation with intent to commit theft.  A jury found him guilty of that offense and,
after finding both enhancement paragraphs of the indictment to be true,
assessed punishment at fifty-five years= confinement.  Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion. See Tex. R. App. P. 47.4.  We affirm.








Appellant presents two issues for
review.  First, he argues that the evidence
is legally and factually insufficient to support his conviction.  Second, he argues that the trial court erred
in allowing the complaining witness (Acomplainant@) to testify at
the punishment phase after violating the court=s exclusion
order.  We address these issues below in
that order.

In his first issue, appellant argues that
the evidence is legally and factually insufficient to support his burglary
conviction because the State presented no evidence that he entered the house
with the intent to commit theft.  He
contends that the evidence established only that he was Aan ill, unhappy
person who knew he could gain access to [complainant=s] house and did
so.@  We apply the usual standards of review. See
Reyes v. State, 84 S.W.3d 633, 636 (Tex. Crim. App. 2002) (legal
sufficiency); King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000)
(factual sufficiency).

A person commits the offense of burglary
of a habitation with intent to commit theft if: (1) without consent of the
owner, he (2) enters (3) a habitation (4) not then open to the public (5) with
intent to commit theft. Tex. Pen. Code
Ann. ' 30.02(a)(1) (Vernon Supp. 2003).  Appellant=s sufficiency
challenge is limited to the evidence establishing the fifth element.  Intent to commit theft may be inferred from
circumstantial evidence. Moreno v. State, 702 S.W.2d 636, 641 (Tex.
Crim. App. 1986).

In this case, complainant returned home
with his son at around 6:00 p.m. on November 12, 2002.  After entering through the back door, he
walked to the back porch area and noticed that dog food was scattered all over the
floor.  Complainant testified that his
son informed him that their VCR and Nintendo game system were missing from the
porch area.  After walking up toward the
laundry room and the adjacent apartment belonging to his daughter, complainant
noticed that his daughter=s cabinet, where she stored her dolls, was
open.  Complainant entered the apartment
and noticed that the VCR, the Nintendo, and a dog food bag containing the
Nintendo game cartridges and the VCR tapes were stacked on the bed in a laundry
basket.  He noticed that his daughter=s dolls were
stacked into a foot locker next to the bed. 
The regular contents of the foot locker, including his daughter=s papers and other
items, were found scattered on the floor.








Complainant then walked into the kitchen
and heard a noise coming from the back hallway. 
He went to his bedroom to retrieve his pistol, during the course of
which he saw appellant standing with his back to complainant in front of a
hallway closet.  With pistol in hand,
complainant confronted appellant and held him at gunpoint.  At appellant=s feet were, among
other things, a jar of money, an air gun, and a tool box, all of which belonged
to complainant.  These items had been
removed from the closet and complainant=s bedroom.

Similar evidence of intent to commit theft
has been found sufficient in other cases. See, e.g., Stearn v. State,
571 S.W.2d 177 (Tex. Crim. App. 1978) (defendant was discovered in kitchen,
nothing had been disturbed, and defendant immediately fled); McGee v. State,
923 S.W.2d 605, 608 (Tex. App.CHouston
[1st Dist.]
1995, no pet.) (defendant entered house, fled both the scene and pursuing
officers, and was apprehended with stolen air conditioning units lying nearby
on floor); Armstrong v. State, 781 S.W.2d 937, 939 (Tex. App.CDallas 1989), aff=d, 805 S.W.2d 791
(Tex. Crim. App. 1991) (defendant was seen breaking into building, items on a
desk had been moved, and papers had been shuffled); White v. State, 630
S.W.2d 340, 342 (Tex. App.CHouston
[1st Dist.]
1982, no pet.) (defendant moved welding equipment from back of garage to the
front).  We therefore hold that the
evidence presented is legally sufficient to support a finding that appellant
had the requisite intent to commit theft.

Against this evidence, appellant points to
testimony that complainant was in the process of moving from his house, and he
argues that this explains the disarray found inside.  Appellant also emphasizes his statements made
to complainant while held at gunpoint that he was sick and dying of AIDS, and
that he had broken into complainant=s home once before
and did so again because it was easy. 
Because this evidence does not greatly outweigh the proof of appellant=s guilt and the
proof of guilt is not so obviously weak as to undermine confidence in the jury
verdict, we hold that the evidence is factually sufficient to support the
finding that appellant intended to commit theft upon entering complainant=s house.  Accordingly, we overrule appellant=s first issue.








In his second issue, appellant argues that
the trial court erred in allowing complainant to testify at the punishment
phase after violating the court=s exclusion order
because complainant=s testimony was influenced by that of the
prior two witnesses.  At the request of
either party, the court shall order witnesses removed from the courtroom so
they cannot hear the testimony of other witnesses. Tex. R. Evid. 614 (Athe Rule@).  Enforcement of the Rule lies within the sound
discretion of the trial court, and its actions will be disturbed only upon a
showing of abuse of discretion or injury to the defendant. Cooks v. State,
844 S.W.2d 697, 733 (Tex. Crim. App. 1992), cert. denied, 509 U.S. 927
(1993).  In reviewing the trial court=s admission of
complainant=s testimony despite his violation of the
Rule, we must consider two inquiries: (1) whether the witness actually heard
the testimony or conferred with another witness without court permission; and
(2) whether the witness= testimony contradicted the testimony of a
witness he actually heard from the opposing side or corroborated the testimony
of another witness he actually heard from the same side on an issue of
fact.  Id.








In the present case, we assume that,
during the punishment phase, complainant actually heard the testimony of the
two prior witnesses, Harold Williams and Linda Haley, both employed by the
Harris County Sheriff=s Department.  During the punishment phase, complainant
testified to the following facts only: (1) he was the same witness who
testified during the guilt phase of trial; (2) his house had been burglarized
sometime in October (presumably in 2002); (3) his daughter had cash, a camera,
and a German beer sign stolen during the October burglary; (4) no one, to his knowledge,
had been arrested for the October burglary; (5) appellant told him during the
November burglary that he had burglarized complainant=s house earlier;
and (6) appellant told him during the November burglary that it was complainant=s fault because
complainant had made it easy to do so. 
Williams and Haley did not testify regarding any of those facts.  Because complainant=s testimony did not
corroborate the testimony of either Williams or Haley, we cannot say that the
trial court abused its discretion in admitting complainant=s testimony during
the punishment phase or that appellant was harmed as a result of such
admission.  Accordingly, we overrule
appellant=s second issue.

The judgment is affirmed.

 

 

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed April 15, 2004.

Panel
consists of Chief Justice Hedges and Justices Frost and Guzman.

Do
Not Publish C Tex.
R. App. P. 47.2(b).