Lusk v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-094-CR

Â Â Â Â Â RICARDO VARGAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 283rd District Court
Dallas County, Texas
Trial Court # F96-33579-LT
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â The trial court convicted Appellant Ricardo Vargas of aggravated sexual assault in a bench
trial. See Tex. Pen. Code Ann. Â§ 22.021(a)(1)(B)(i), (2)(B) (Vernon Supp. 1998). After finding
Vargas guilty, the court sentenced him to life imprisonment.
Â Â Â Â Â Â Vargasâ attorney filed an Anders brief and a motion to withdraw on August 18, 1997. Anders
v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). On September 3, we
granted the attorney's motion to withdraw, finding that the appeal was without merit. See Johnson
v. State, 885 S.W.2d 641, 647 (Tex. App.âWaco 1994, pet. refâd).
Â Â Â Â Â Â We have given Vargas ample opportunity to file a pro-se response in this case, but he has
failed to do so. Thus, because we have no viable points of error to consider, we affirm the judgment. Tex. R. App. P. 38.8(b)(4), 47.1.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM


Before Chief Justice Davis,
Â Â Â Â Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Â Â Â Â Justice Vance
Affirmed
Opinion issued and filed December 10, 1997
Do not publish



'mso-bidi-font-weight:
normal'> Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellee

Â 

Â 

Â 



From the 54th District Court

McLennan County, Texas

Trial Court # 2003-428-C

Â 



CONCURRING Opinion



Â 








Â Â Â Â Â Â Â Â Â  Legislating
from the bench.Â  You will hear almost
every judicial candidate say that is not the role of the judiciary and that, if
elected, they will not do it.Â  I would be
hard pressed to find a better example of legislating from the bench than what
the Court does in this case.Â  The Court
properly states the test which comes from prior interpretation of the
statute.Â  Then the Court simply ignores
the statute as written, jettisons the interpreted test, and states what will be
required.Â  

When the statute, as written by the legislature,
only requires Âreasonable notice,Â we do not have the right to judicially add
Âbut in no event, less than ten days.ÂÂ 
That truly is rewriting the statute.Â 
But I digress.Â  The analysis is
wrong.Â  The result is right.Â  I concur only in the result.

The Court errs in the following particulars,
some of which are compound errors because they are based upon other errors:

1.Â Â Â Â Â 
Holding
that the State must give no less than
10 days notice.

2.Â Â Â Â Â 
Holding
that the StateÂs notice is a Âdefacto
amendment of the indictment.Â

3.Â Â Â Â Â 
Assuming,
arguendo, that it is a defacto
amendment, the Court errs in not reviewing the ÂamendmentÂ to the indictment
under the law applicable to amending the indictment.

Â 

4.Â Â Â Â Â 
By
requiring Hackett to file a motion for continuance to Âshow harm.Â

DeFacto
Indictment/

Ten DaysÂ
Notice

(Errors
1, 2, and 3)

Â 

Â Â Â Â Â Â Â Â Â  The
Court holds that when the State files a separate pleading giving notice of
enhancement allegations, it must be filed a minimum of ten days before the
trial date.Â  That is because the Court
holds, without citing any authority, that a sentence enhancement notice is a de facto amendment of the indictment and
Âthe Code of Criminal Procedure requires a minimum of ten daysÂ notice for an
amendment to an indictment.Â

Âbut in no event less than ten daysÂ

Â Â Â Â Â Â Â Â Â  While
10 days notice has been held to be presumptively reasonable, the Court offers
no explanation as to why anything less is unreasonable
as a matter of law.Â  

Â Â Â Â Â Â Â Â Â  The
CourtÂs reliance on the Code of Criminal Procedure is entirely misplaced.Â  The Code does not require a minimum of ten daysÂ notice to amend an
indictment.Â  It provides:

After notice to the defendant, a matter of form
or substance in an indictment or information may be amended at any time before the date of trial on
the merits commences.Â  On the request of the defendant, the
court shall allow the defendant not less than 10 days, or a shorter period if
requested by the defendant, to respond to the amended indictment or
information.

Â 

Tex. Code Crim. Proc.
Ann. art. 28.10(a) (Vernon 1989) (emphasis added).Â  This provision places the burden on the
defendant to ask for a continuance before any time requirement kicks in
following an amendment to an
indictment or information.Â  

Âdefacto amendmentÂ

Â Â Â Â Â Â Â Â Â  And
who, besides two justices on this Court, thinks this is an amendment?Â  Hackett didnÂt say it was an amendment.Â  He did not ask us to consider it as an
amendment.Â  He did not even argue in the
Motion to Quash or in his oral argument in support thereof, contrary to what
the Court says, that notice of a sentence enhancement needs to be no less than
10 days.Â  He contended that the notice
filed by the State was unreasonably late and argued that he was entitled to
reasonable notice.Â  The State certainly
did not argue it was an amendment.Â  Just
because the Court is not reversing this case on unargued error, does not mean
we can still raise an issue and give an advisory opinion about something no one
ever raised at trial or here.Â  See Hailey
v. State, 87 S.W.3d 118 (Tex. Crim. App. 2002) ("ordinary notions of
procedural default" are violated when a Court of Appeals reverses a trial
court's decision on a legal theory not presented to the trial court by the
complaining party); Armstrong v. State,
805 S.W.2d 791, 794 (Tex. Crim. App. 1991) (the courts are without authority to
render advisory opinions); Garrett v.
State, 749 S.W.2d 784, 803 (Tex. Crim. App. 1988) (judicial power does not
include the power to issue advisory opinions).

Â 

Â 

Â Âreview as an
amendmentÂ

Â Â Â Â Â Â Â Â Â  But
if this is an amendment, then why does the Court not analyze the issue as an
amendment issue and use the related harm analysis for untimely amendments?Â  Aside from the fact that an amendment has to
be an alteration to the indictment, which we do not have, typically, an
amendment cannot be made to the indictment over the objection of the defendant
after the trial has started.Â  Eastep v. State, 941 S.W.2d 130, 132
(Tex. Crim. App. 1997); Sodipo v. State,
815 S.W.2d 551, 556 (Tex. Crim. App. 1990); see
Tex. Code Crim. Proc. Ann. art.
28.10(b) (Vernon 1989).Â 
However, an amendment can be made at anytime before trial.Â  Id. at art. 28.10(a).Â  If this was really an amendment, and IÂm not
saying it was, it was made before trial, and Hackett could have asked for a ten
day period to respond to the Âamendment.Â

Â Â Â Â Â Â Â Â Â  But
he didnÂt.Â  

Harm Analysis/Preservation

(Error 4)

Â Â Â Â Â Â Â Â Â  And
because Hackett didnÂt request a continuance, the Court is holding that he
wasnÂt harmed by the trial courtÂs Âerror.ÂÂ 


Â Â Â Â Â Â Â Â Â  Is
this part of the harm analysis for amending indictments or for timeliness of
notice of enhancement allegations?Â  Harm
for an improper amendment to an indictment is analyzed under Rule 44.2(b)
because that type of error is non-constitutional.Â  Westfall
v. State, 970 S.W.2d 590, 596 (Tex. App.ÂWaco 1998, pet. refÂd).Â  I have found no case that determines an
amendment error was harmless because the defendant did not request a
continuance.Â  Then is the CourtÂs
analysis part of the harm analysis for an untimely notice of enhancement
allegations?Â  This type of error has been
deemed constitutional.Â  Sears v. State, 91 S.W.3d 451, 455 (Tex.
App.ÂBeaumont 2002, no pet.); contra Fairrow v. State, 112 S.W.3d 288, 295
(Tex. App.ÂDallas 2003, no pet.).Â  The
few cases that have discussed harm here have not taken into consideration at
all whether or not a continuance was requested.Â 


Â Â Â Â Â Â Â Â Â  So
where does this come from?Â  The cases
relied upon by the Court are cases in which witnesses were called that were not
on the witness list supplied to the defendant.Â 
The Court fails to explain how these cases are analogous to the defacto amendment analysis.Â  

Â Â Â Â Â Â Â Â Â  And
by requiring a motion for continuance, is the Court really saying that a
request for a continuance is a preservation requirement?Â  Are they actually holding that to preserve a
complaint about unreasonable notice for appellate review the complaint must be
brought to the trial courtÂs attention by a timely request, motion, or
objection that the trial court rules on or refuses to rule on?Â  Tex.
R. App. P. 33.1.Â  But Hackett had
already obtained an adverse ruling on his motion to quash.Â  Need there be more?Â  Or is this more of a presentment requirement
and because the request for continuance was not made, we have nothing to
review?Â  No error, no harm.

Â Â Â Â Â Â Â Â Â  An
argument can be made for either analysis.Â 
For example, in cases where defendants have been denied a challenge for
cause, the request for more peremptory strikes has been characterized as a part
of a preservation requirement and as a part of a harm analysis.Â  If used as a preservation requirement, there
is no need to proceed further through an error analysis if any requirement is
missing.Â  See Mathis v. State, 67
S.W.3d 918, 922 (Tex. Crim. App. 2002).Â  If used in a harm analysis, the reviewing
court has already determined the denial of the challenge for cause was
improper, and such denial has the harmful effect of wrongfully depriving a
defendant of a peremptory challenge, as long as he requests and is denied
additional peremptory challenges.Â  See Escamilla
v. State, 143 S.W.3d 814, 821 (Tex. Crim. App. 2004).

Â Â Â Â Â Â Â Â Â  Which
is it here?

Â Â Â Â Â Â Â Â Â  If
a continuance is required, is it that there is no error, i.e., it is not unreasonable because the defendant obviously did
not need any more time, or is it that the defendant was not harmedÂyes the
notice was not reasonable, but the defendant cannot opt for having the
enhancement allegations dropped, and because he chose the wrong option, he did
not say the magic words regarding a continuance, he loses.

Conclusion on Their Analysis

Â Â Â Â Â Â Â Â Â  I
cannot join the CourtÂs opinion without knowing whatÂs driving the decision and
whatÂs in the opinion is not helping me make that analysis.

A Proper Analysis

Â Â Â Â Â Â Â Â Â  With
that said, the following is a proper analysis of this appeal.

Â Â Â Â Â Â Â Â Â  Cecil
Jackson Hackett was convicted of theft over $20,000.Â  Hackett pled true to two prior felony convictions
and the jury assessed punishment at life in prison.Â  We affirm the judgment of the trial court.

Â Â Â Â Â Â Â Â Â  In
his first issue, Hackett contends that the StateÂs notice of its intent to
enhance the punishment was untimely.Â  The
State filed its notice on July 30, 2003, the Wednesday prior to the Monday trial,
alleging eight prior convictions.Â  On July 31,
 2003, the State filed
an amended notice, correcting a typographical error in the seventh listed
conviction.Â  Hackett filed a motion to
quash which was heard and denied on Monday, the day of trial.

Â Â Â Â Â Â Â Â Â  Defendants
are entitled to notice of prior convictions to be used for punishment
enhancement.Â  Brooks v. State, 957 S.W.2d 30, 33 (Tex. Crim. App. 1997).Â  Ten daysÂ notice is presumptively
timely.Â  See Fairrow v. State, 112
S.W.3d 288, 294 (Tex. App.ÂDallas 2003, no pet.); Sears v. State, 91 S.W.3d 451, 455 (Tex. App.ÂBeaumont 2002, no pet.).Â  Seven daysÂ notice has been held to be
Âample.ÂÂ  Castilla v. State, No. 05-01-01776-CR, 2002 Tex. App. LEXIS 7263, *11 (Tex. AppÂDallas Oct. 10, 2002, no pet.) (not designated for publication).

The question we must decide is whether notice
given five days before trial is timely.Â 
Hackett cites one case to support his claim that the StateÂs notice is
untimely.Â  See Sears v. State, 91
S.W.3d 451 (Tex. App.ÂBeaumont 2002, no pet.).Â  In Sears,
the Beaumont
 Court
determined that notice given on the Friday before a Monday trial was untimely,
especially in light of the fact that the State had listed the same conviction
in a notice of its intent to introduce the conviction under Texas Rule of
Evidence 609 some seven days earlier.Â  Id. at 453-455.Â 
Following the lead in Sears,
the Dallas
 Court
,
in Fairrow, held that oral notice by
the trial court on the day of trial, if proper, was untimely where the State
had filed a notice of extraneous offenses three days prior to trial.Â  Fairrow,
112 S.W.3d at 294-295.

Â Â Â Â Â Â Â Â Â  In
both of these cases, the State knew of the convictions several days before
notice was actually given of its intent or ability to enhance the defendantsÂ
punishments.Â  In HackettÂs case, on the
30th of July, the State inadvertently discovered recent convictions that it
could use to enhance HackettÂs punishment.Â 
The State knew of two very old convictions under one TDCJ number for
Hackett. Â And while trying to obtain the
pen packets for those convictions, on the afternoon of the 30th, the State
discovered a number of more recent convictions under another TDCJ number for
Hackett.Â  The State immediately, on that
day, gave notice of its intent to enhance HackettÂs punishment with the
additional allegations it had discovered.Â 


Â Â Â Â Â Â Â Â Â  The
State gave notice of the convictions to be used as enhancements as soon as
those convictions were discovered.Â 
Hackett, as the defendant, was well aware of the convictions.Â  The issue is whether the State gave
reasonable notice of its intent to use these convictions as punishment
enhancements.Â  Under these circumstances,
we conclude that five daysÂ notice is reasonable.Â  HackettÂs first issue is overruled.

But because the Court commits several errors in
reaching the proper result, I concur only in affirming the trial courtÂs
judgment.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  TOM
GRAY

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Concurring
opinion delivered and filed February 9, 2005

Publish