STATE of Texas, Appellant,

v.

John Steven MASSEY, Appellee.

No. 11–02–00321–CR.

Court of Appeals of Texas, Eastland.

Feb. 26, 2004.

James Eidson, District Attorney, Patricia Dyer, Assistant, Criminal District Attorney's Office, Abilene, for appellant.

Bill Fisher, Abilene, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

## Opinion

W.G. ARNOT, III, Chief Justice.

The jury convicted John Steven Massey of the offense of possession of a controlled substance, to-wit: methamphetamine. The trial court assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of five years. The trial court subsequently entered an order granting appellee a new trial. The State appeals the trial court's order granting a new trial as permitted by TEX. CODE CRIM. PRO. ANN. art. 44.01(a)(3) (Vernon Pamph. Supp.2004). We affirm.

Deputy Jay Jones of the Taylor County Sheriff's Department pulled over a vehicle which he observed being driven in an erratic manner. Appellee was driving the vehicle at the time. Michael Gainer also occupied the vehicle. Upon approaching appellee inside of the car, Deputy Jones observed a drink cup sitting between appellee's legs. When Deputy Jones asked appellee to step out of the car, he told appellee to leave the cup in the car. The cup remained inside of the car with Gainer for a brief period while Deputy Jones spoke with appellee. Deputy Jones subsequently found a small container inside of the cup which contained a powdery substance. An analysis of the powdery substance revealed the presence of methamphetamine.

Appellee defended the possession charge by asserting that Gainer placed the meth-amphetamine in the cup while appellee spoke with Deputy Jones outside of the car. Defense counsel indicated during both voir dire and opening statement that Gainer would testify to this fact. During the presentation of its case-in-chief, the State sought to introduce an unrecorded, oral statement which appellee had allegedly made to Detective Allen Woody of the Taylor County Sheriff's Department.[1] The State acknowledged that the statement did not comply with the requirements of TEX. CODE CRIM. PRO. ANN. art. 38.22 (Vernon Pamph. Supp.2004) for the admissibility of statements made by an accused. The State argued that the statement was admissible under an exception to Article 38.22 to rebut appellee's defensive theory regarding Gainer placing the meth-amphetamine in appellee's cup.

The trial court first considered the admissibility of the statement in a hearing conducted outside the presence of the jury. Defense counsel responded to the State's attempt to offer the admission by arguing that the State had not provided the defense with the statement during discovery.[2] The trial court subsequently denied this attempt by the State to introduce the statement during its case-in-chief. The State presented the remainder of its case-in-chief and rested. The defense then rested without putting on any evidence. The trial court instructed the jury as follows at this point in the proceedings:

Okay, ladies and gentlemen. You've heard the evidence. I'm going to call another recess to allow me to prepare

1. Detective Woody testified that appellee orally admitted to purchasing the methamphetamine from Crystal Grant for $80.

2. The trial court entered a discovery order which allowed appellee discovery of "any oral statements or confessions he gave the police, investigating authorities or the District Attorney which are admissible in the State's case-in-chief as substantive evidence (as opposed to impeachment evidence)." The State argued that the statement was not discoverable under this provision of the discovery order. The trial court did not make a ruling with reference to appellee's discovery-order contention.

the Court's charge. I have to wait till all the evidence is in before I can finalize the preparation of the Court's charge, and now I can go through that process. After a 50–minute recess, the State informed the court of its desire to reopen the evidence for the purpose of offering appellee's admission into evidence. The trial court then took another recess in excess of 2 hours. The trial court ultimately granted the State's second request to admit appellee's oral admission.

Appellee asserted three reasons for the trial court to grant a new trial in his written motion: (1) the trial court's act of permitting the State to reopen evidence after the State had rested even though no evidence was introduced by appellee after the State rested, (2) the trial court's alleged error in permitting the State to offer appellee's admission into evidence, and (3) the insufficiency of the limiting instruction given with respect to appellee's admission. The trial court did not specify the ground upon which it relied in granting the motion for new trial.

In its sole issue on appeal, the State contends that the trial court erred in granting the motion for new trial. The State primarily argues that appellee's statement was properly admitted into evidence and that the trial court abused its discretion if it granted the motion for new trial on the ground of an alleged erroneous admission of evidence.

We first note that the trial court's ruling on the admissibility of appellee's oral admission is not before this court for consideration. Therefore, we do not express any opinion on the question of the statement's admissibility because we are without authority to render advisory opinions. *Armstrong v. State,* 805 S.W.2d 791, 794 (Tex. Cr.App.1991). When reviewing the trial court's decision to grant a new trial, an abuse of discretion standard applies.

*State v. Gonzalez,* 855 S.W.2d 692, 696 (Tex.Cr.App.1993). Thus, we examine the record to determine whether the trial court's act of granting a new trial fell within the zone of reasonable disagreement. *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex.Cr.App.1991).

As noted previously, the jury learned of appellee's admission after it had previously been informed that it had heard all of the evidence in the case. This irregularity could have caused the trial court to be concerned about the reliability of the trial proceedings. Furthermore, defense counsel informed the court that he first learned of the admission when the State sought to introduce it on the morning of the second day of trial. The trial court may have concluded that the statement should have been provided to the defense in discovery prior to trial or that defense counsel was unfairly surprised to learn of the admission during trial. The Texas Court of Criminal Appeals held in *Gonzalez* that the trial court retains the inherent power to grant a new trial "in the interest of justice." *State v. Gonzalez, supra* at 696. We conclude that the trial court did not abuse its discretion in granting appellee's motion for new trial. The State's sole issue is overruled.

The order of the trial court granting a new trial is affirmed.