11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

State of Texas

Appellant

Vs.                   No.  11-02-00321-CR B
Appeal from Taylor County

John
Steven Massey 

Appellee

 

The jury convicted John Steven Massey of the
offense of possession of a controlled substance, to-wit: methamphetamine.  The trial court assessed his punishment at
confinement in the Institutional Division of the Texas Department of Criminal
Justice for a term of five years.  The
trial court subsequently entered an order granting appellee
a new trial.  The State appeals the trial
court=s order
granting a new trial as permitted by TEX. CODE CRIM. PRO. ANN. art. 44.01(a)(3)
(Vernon Pamph. Supp. 2004).  We affirm.

Deputy Jay Jones of the Taylor County Sheriff=s Department pulled over a vehicle
which he observed being driven in an erratic manner.  Appellee was
driving the vehicle at the time.  Michael
Gainer also occupied the vehicle.  Upon
approaching appellee inside of the car, Deputy Jones
observed a drink cup sitting between appellee=s legs. 
When Deputy Jones asked appellee to step out
of the car, he told appellee to leave the cup in the
car.  The cup remained inside of the car
with Gainer for a brief period while Deputy Jones spoke with appellee.  Deputy
Jones subsequently found a small container inside of the cup which contained a
powdery substance.  An analysis of the
powdery substance revealed the presence of methamphetamine.    








Appellee defended the
possession charge by asserting that Gainer placed the methamphetamine in the
cup while appellee spoke with Deputy Jones outside of
the car.  Defense counsel indicated
during both voir dire and opening statement that
Gainer would testify to this fact. 
During the presentation of its case-in-chief, the State sought to
introduce an unrecorded, oral statement which appellee
had allegedly made to Detective Allen Woody of the Taylor County Sheriff=s Department.[1]  The State acknowledged that the statement did
not comply with the requirements of TEX. CODE CRIM. PRO. ANN. art. 38.22  (Vernon Pamph.
Supp. 2004) for the admissibility of statements made by an accused.  The State argued that the statement was
admissible under an exception to Article 38.22 to rebut appellee=s defensive theory regarding Gainer
placing the methamphetamine in appellee=s cup. 


The trial court first considered the admissibility
of the statement in a hearing conducted outside the presence of the jury.  Defense counsel responded to the State=s attempt to offer the admission by
arguing that the State had not provided the defense with the statement during
discovery.[2]  The trial court subsequently denied this
attempt by the State to introduce the statement during its case-in-chief.  The State presented the remainder of its
case-in-chief and rested.  The defense
then rested without putting on any evidence. 
The trial court instructed the jury as follows at this point in the
proceedings:

Okay, ladies and gentlemen.  You=ve heard the evidence. 
I=m going
to call another recess to allow me to prepare the Court=s
charge.  I have to wait till all the
evidence is in before I can finalize the preparation of the Court=s charge, and now I can go through that
process.  

 

After a 50-minute recess, the State informed the court of its
desire to reopen the evidence for the purpose of offering appellee=s admission into evidence.  The trial court then took another recess in
excess of 2 hours.  The trial court ultimately
granted the State=s second
request to admit appellee=s
oral admission.  

Appellee asserted three
reasons for the trial court to grant a new trial in his written motion: (1) the
trial court=s act of
permitting the State to reopen evidence after the State had rested even though
no evidence was introduced by appellee after the
State rested, (2) the trial court=s
alleged error in permitting the State to offer appellee=s admission into evidence, and (3) the
insufficiency of the limiting instruction given with respect to appellee=s
admission.  The trial court did  not specify the ground upon which it relied
in granting the motion for new trial.  








In its sole issue on appeal, the State contends
that the trial court erred in granting the motion for new trial.  The State primarily argues that appellee=s
statement was properly admitted into evidence and that the trial court abused
its discretion if it granted the motion for new trial on the ground of an
alleged erroneous admission of evidence. 


We first note that the trial court=s ruling on the admissibility of appellee=s
oral admission is not before this court for consideration.   Therefore, we do not express any opinion on
the question of the statement=s
admissibility because we are without authority to render advisory
opinions.  Armstrong v. State, 805
S.W.2d 791, 794 (Tex.Cr.App.1991).  When
reviewing the trial court=s
decision to grant a new trial, an abuse of discretion standard applies.  State v. Gonzalez, 855 S.W.2d 692, 696
(Tex.Cr.App.1993). Thus, we examine the record to determine whether the trial
court=s act of
granting a new trial fell within the zone of reasonable disagreement. Montgomery
v. State, 810 S.W.2d 372, 391 (Tex.Cr.App.1991).

As noted previously, the jury learned of appellee=s
admission after it had previously been informed that it had heard all of the
evidence in the case.  This irregularity
could have caused the trial court to be concerned about the reliability of the
trial proceedings.  Furthermore, defense
counsel informed the court that he first learned of the admission when the
State sought to introduce it on the morning of the second day of trial.  The trial court may have concluded that the
statement should have been provided to the defense in discovery prior to trial or
that defense counsel was unfairly surprised to learn of the admission during
trial.  The Texas Court of Criminal
Appeals  held in Gonzalez that the
trial court retains the inherent power to grant a new trial Ain the interest of justice.@ Gonzalez v. State, supra
at 696.  We conclude that the trial court
did not abuse its discretion in granting appellee=s motion for new trial.  The State=s
sole issue is overruled. 

The order of the trial court granting a new trial
is affirmed.

 

W. G. ARNOT, III

CHIEF JUSTICE

February 26, 2004

Publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.











    
[1]Detective
Woody testified that appellee orally admitted to
purchasing the methamphetamine from Crystal Grant for $80.  





    
[2]The
trial court entered a discovery order which allowed appellee
discovery of Aany oral statements or confessions he
gave the police, investigating authorities or the District Attorney which are
admissible in the State=s case-in-chief as substantive
evidence (as opposed to impeachment evidence).@ 
The State argued that the statement was not discoverable under this
provision of the discovery order.  The
trial court did not make a ruling with reference to appellee=s discovery-order contention.