Affirmed and Memorandum Opinion filed February 24, 2011.

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00171-CR

___________________

 

Dustin Louis Hall, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 268th District Court

Fort Bend County,
Texas



Trial Court Cause No. 51294

 



 

 

MEMORANDUM OPINION

      Appellant
Dustin Louis Hall appeals his conviction for possession of a firearm by a
felon.  In three issues he claims the evidence was legally and factually
insufficient to support his conviction and challenges the trial court’s denial
of his motion to suppress evidence.  We affirm.

Background

            Fort
Bend County Deputy Sheriff David Mejorado clocked appellant travelling
seventy-five miles per hour in a sixty mile-per-hour zone.  Mejorado initiated
a traffic stop by following appellant, but appellant continued traveling for
about a quarter of a mile before he stopped.  During that time, Mejorado
observed appellant, who was alone, reaching toward the back part of his truck. 
After appellant stopped, Mejorado approached the truck on the driver’s side and
asked appellant for his license and insurance.  Appellant was very nervous and
asked if he could get out of the truck.  At that point Mejorado asked appellant
whether there was anything in the truck Mejorado should know about.  According
to Mejorado, appellant responded, “Search it. You can search it.”  Under the
middle of the rear seat, Mejorado found a nine-millimeter Smith and Wesson
handgun with a holster, magazines, and ammunition.  When Mejorado learned
through dispatch that appellant was a convicted felon, he arrested appellant
and placed him in the patrol car.  Without any questioning from Mejorado,
appellant stated he knew the handgun was there.[1]

            Appellant
filed a motion to suppress both the physical evidence and appellant’s oral and
written statements.  The trial court denied the motion as it related to the
physical evidence and granted it as it related to appellant’s statements.[2]

            Trial
was to a jury.  Mejorado was the State’s principal witness during the
guilt-innocence phase, describing the events of the traffic stop and
identifying the items he seized.[3] 
When the State offered the items (State’s exhibits one through five),
appellant’s counsel affirmatively stated he had no objection to their
admission.

            Appellant
presented no witnesses.  The jury found appellant guilty and subsequently assessed
punishment at ten years’ confinement.  The trial court sentenced appellant
accordingly.

Sufficiency of the
Evidence

            In
issues one and two, respectively, appellant challenges the legal and factual
sufficiency of the evidence to support his conviction.  While this appeal was
pending, the Court of Criminal Appeals held that only one standard should be
used in a criminal case to evaluate the sufficiency of the evidence to support
findings that must be established beyond a reasonable doubt:  legal
sufficiency.  Brooks v. State, 323 S.W.3d 893, 894–95 (Tex. Crim. App.
2010) (plurality op.); id. at 926 (Cochran, J., concurring). 
Accordingly, we review the sufficiency of the evidence in this case under a
rigorous and proper application of the legal sufficiency standard of Jackson
v. Virginia, 443 U.S. 307 (1979).  Brooks, 323 S.W.3d at 906; Pomier
v. State, 326 S.W.3d 373, 378 (Tex. App.—Houston [14th Dist.] 2010, no pet.)
(evaluating legal and factually sufficiency challenges together under Brooks). 
When reviewing the sufficiency of the evidence, we view all of the evidence in
the light most favorable to the verdict to determine whether the fact finder
was rationally justified in finding guilt beyond a reasonable doubt.  Brooks,
323 S.W.3d at 899; Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim.
App. 2007).  This court does not sit as a thirteenth juror and may not
substitute its judgment for that of the fact finder by re-evaluating the weight
and credibility of the evidence.  Brooks, 323 S.W.3d at 901–02; Williams,
235 S.W.3d at 750.  We defer to the fact finder’s resolution of conflicting
evidence unless the resolution is not rational.  Brooks, 323 S.W.3d at
902 n.19, 907.

            The
statutory elements of unlawful possession of a firearm by a felon, as modified
by the allegations in the indictment, are (1) appellant (2) having been
previously convicted of a felony (3) intentionally or knowingly (4) possessed
(5) a firearm (6) before the fifth anniversary of his release from
confinement.  Tex. Pen. Code Ann. § 46.04(a) (West Supp. 2009).  Appellant
challenges only the element of possession.

            We
analyze the sufficiency of the evidence in cases involving possession of a
firearm by a felon under the rules adopted for determining the sufficiency of
the evidence in cases of possession of a controlled substance.  Corpus v.
State, 30 S.W.3d 35, 37 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d). 
Thus, the State was required to prove appellant knew of the weapon’s existence
and that he exercised actual care, custody, control, or management over it.  Id.
at 38; see Tex. Penal Code Ann. § 1.07(a)(39) (West Supp. 2009) (“‘Possession’
means actual care, custody, control, or management.”).

            When
the accused is not in exclusive control of the place contraband is found, there
must be independent facts and circumstances linking the accused to the
contraband.  Corpus, 30 S.W.3d at 38.  Factors that may establish
affirmative links include whether  (1) the contraband was in a car driven by
the accused, (2) the contraband was in a place owned by the accused, (3) the
contraband was conveniently accessible to the accused, (4) the contraband was
in plain view, (5) the contraband was found in an enclosed space, (6) the
contraband was found on the same side of the car as the accused, (7) the
conduct of the accused indicated a consciousness of guilt, (8) the accused has
a special relationship to the contraband, (9) occupants of the automobile gave
conflicting statements about relevant matters, and (10) affirmative statements
connect the accused to the contraband.  Id.  The number of factors
present is not as important as the logical force the factors have in
establishing the elements of the offense.  Id.

            Appellant
was driving the truck in which Mejorado found the gun.  Appellant was the sole
occupant of the truck.  Appellant drove for about a quarter of a mile after Mejorado
started following him, during which time Mejorado observed appellant reaching
toward the back of the truck.  Mejorado found the gun under the middle of the
backseat.  Viewing all of the evidence in the light most favorable to the
verdict, we conclude the jury was rationally justified in finding guilt beyond
a reasonable doubt.  See Brooks, 323 S.W.3d at 899.

            For
the preceding reasons, we overrule issues one and two.

Denial of Appellant’s
Motion to Suppress Physical Evidence

       In
issue three, appellant contends the trial court erred in denying his motion to
suppress physical evidence seized from his truck.  The evidence consisted of
the handgun, holster, magazines, and ammunition.  When the State introduced
each of these items, appellant affirmatively stated he had “no objection” to
admission of the evidence.  When
a motion to suppress evidence is denied, the defendant does not need to object
at trial to the same evidence in order to preserve error on appeal.  Moraguez
v. State, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986).  However, when a defendant affirmatively
states during trial that he has “no objection” to the admission of evidence, he
waives any error.  Moody v. State, 827 S.W.2d 875, 889 (Tex. Crim. App. 1992).  Appellant, therefore, has failed to preserve this
issue for appellate review.  See Mikel v. State, 167 S.W.3d 556, 558
(Tex. App.—Houston [14th Dist.] 2005, no pet.).

            Accordingly,
we overrule issue three.

Suppression of
Appellant’s Statement (State’s Cross-Issue)

            In
a cross-issue, the State argues the trial court erred in suppressing
appellant’s statement.  Under Code of Criminal Procedure article 44.01(c), the
State “is entitled to appeal a ruling on a question of law if the defendant is
convicted in the case and appeals the judgment.”  Tex. Code Crim. Proc. Ann.
art. 44.01(c) (West Supp. 2009); see Armstrong v. State, 805 S.W.2d 791,
793 (Tex. Crim. App. 1991).  A separate matter, however, is whether the State
is entitled to a determination of the issue it raises if not ultimately
dispositive of the appeal.  See Armstrong, 805 S.W.2d at 793.

            Because
we overrule all of appellant’s issues, we need not address this cross-issue.  See
Tex. R. App. P.47.1.  

            

Conclusion

            Having
overruled appellant’s three issues, we affirm the judgment.

                                                                                    

                                                                        /s/        Martha
Hill Jamison

                                                                                    Justice

 

 

 

Panel consists of Justices
Brown, Boyce, and Jamison.

Do
Not Publish — Tex. R. App. P. 47.2(b).

 

 

 

            

 

            

 









[1] Mejorado testified as
follows: “He made a statement, something about that he couldn’t believe that he
was being charged for the handgun or the firearm. His statement was that he
couldn’t believe that I’m being charged with having a handgun. And he stated, I
knew it was there, but I didn’t know it was still there.”





[2] The court held that the
appellant consented to the search of his vehicle, but that his statements were
made when appellant had not been Mirandized.





[3] The State also called
Joanna Beasman, a record supervisor for the Fort Bend County Sheriff’s
Department who authenticated the record of appellant’s prior offense, and Kim
Oreskovich, a crime-scene investigator with the Fort Bend County Sheriff’s
Department who testified the fingerprints taken from appellant matched those on
the jail record for appellant’s prior offense.