PD-1406-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/5/2015 12:23:28 PM
Accepted 2/6/2015 2:50:09 PM
ABEL ACOSTA
CLERK

PD-1406-14

# IN THE COURT OF CRIMINAL APPEALS
## OF TEXAS

| | | |
|---|---|---|
| JOSE RAMIRO DELAROSA | § | CCA NO. PD-1406-14 |
| | § | |
| V. | § | COA NO. 05-14-01020-CR |
| | § | |
| THE STATE OF TEXAS | § | TC NO. F14-52888-T |

**MOTION TO DISMISS THE STATE'S PETITION FOR DISCRETIONARY**

**REVIEW FOR LACK OF A JUSTICIABLE ISSUE**

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

Appellant, Jose Ramiro Delarosa, respectfully submits this motion for the dismissal of the Petition for Discretionary Review in this case. In support of this motion the Appellant would show the Court the following:

1. The State petitioned this Court to consider the decision of the Court of Appeals to dismiss the appeal due to the granting of the Motion for New Trial by the trial court in this case. The Court of Appeals held that they did not have jurisdiction in the matter since the trial court granted the Motion for New Trial. The State questioned the ability of the trial court to grant a Motion for New Trial when the court previously certified the case for appeal. The State's position is that the two acts are mutually exclusive. The

FILED IN
COURT OF CRIMINAL APPEALS

February 6, 2015

ABEL ACOSTA, CLERK

1

Court of Criminal Appeals granted the Petition for Discretionary on January 28, 2015.

2. The trial court granted the Motion for New Trial on August 6, 2014. The Court of Appeals granted the appellant's Motion to Dismiss the Appeal on October 2, 2014. The State filed a Petition for Discretionary Review on October 17, 2014. This Court granted the Petition for Discretionary Review on January 28, 2015. However, the Dallas County District Attorney's Office retried the case on December 17, 2014 and the appellant was found guilty pursuant to a plea bargain agreement and sentenced to one-year confinement. (See attached copy of judgment.)

3. Since the State has retried the case, the issue regarding the granting of the Motion for New Trial is moot. The State accepted the October 2, 2014 Order of the Court of Appeals and retried the case on December 17, 2014. There is no longer an appealable issue in this case to be resolved in the Court of Criminal Appeals. The original jury trial conviction, the basis for the Petition for Discretionary Review, is no longer on appeal. The conviction as a result of the jury trial upon which the Petition for Discretionary Review was granted, no longer exists.

4. If the Court of Criminal Appeals addresses the issue in the State's Petition for Discretionary Review, the court is faced with the

unanswered issue in <u>Kirk v. State</u>, PD-1197-13 (Tex. Crim. App. del'd Jan. 28, 2015) regarding possible double jeopardy violations involved in withdrawing a previously granted Motion for New Trial after the new trial has commenced or, as in this situation, after a new trial has been completed [1]. Having been tried a second time and received a lesser sentence, is the State now trying to impose the greater punishment received in the first trial by pursing this petition? The decision of the State to take the case to trial a second time renders the issue presented in this petition moot.

5. As the State chose to retry this criminal matter, the issue regarding the granting of the Motion for New Trial is no longer a justiciable dispute. By taking the case to trial on December 17, 2014, the State accepted the Court of Appeals Order of October 2, 2014, negating the need to further address the issue in a Petition for Discretionary Review. There is no real or substantial controversy before this court and any opinion issued by this Court will answer a hypothetical question, not a real and substantial controversy. This Court has consistently held that it does not have the jurisdiction to render advisory opinions. <u>Armstrong v. State</u>, 805 S.W.2d 791, 794 (Tex. Crim. App. 1991), <u>Ex parte Ruiz</u>, 750 S.W.2d 217, 218 (Tex.

---

[1] The question of the court's ability to rescind a granted Motion for New Trial during or after a new trial occurs was not raised in the State's Petition for Discretionary Review.

Crim. App. 1988). Any ruling in this case affects a conviction from a jury trial that is not longer a valid conviction. Having retried the case on December 17, 2014, the State has waived any further appellate interest in this matter.

6. As there are no appealable issues, the Court of Criminal Appeals does not have jurisdiction in this matter. To address the issues raised in the State's Petition for Discretionary Review would violate this court's holdings in <u>Armstrong v. State</u>, 805 S.W.2d 791, 794 (Tex. Crim. App. 1991) and <u>Ex parte Ruiz</u>, 750 S.W.2d 217, 218 (Tex. Crim. App. 1988).

WHEREFORE, PREMISES CONSIDERED, the appellant in this case respectfully requests that the State's Petition for Discretionary Review be dismissed.

Respectfully submitted,

/s/ Leslie McFarlane
State Bar No. 13603500
7522 Campbell Rd., Ste 113-216
Dallas, TX 75248-1726
(972) 934-1721
lwmcfarlane@gmail.com

ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing motion has been placed in the United States mail and sent to the Office of the Dallas County District Attorney, 133 N. Riverside Blvd., LB 19, Dallas, TX 75207-4313, on the February 5, 2015. The District Attorney was also served via electronic filing at the same time this motion was filed with the Court of Appeals.


/s/ Leslie McFarlane



CASE NO. F-1452888-T
INCIDENT NO./TRN: 917656245X

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 283rd JUDICIAL DISTRICT |
| | § | |
| V. | § | COURT |
| | § | |
| JOSE RAMIRO DELAROSA | § | DALLAS COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX06907247 | § | |

## JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| | | |
|---|---|---|
| Judge Presiding: | HON. **Rick Magnis** | Date Judgment Entered: **12/17/2014** |
| Attorney for State: | **E.A. Chandler** | Attorney for Defendant: **Stephen Duplantis** |

Offense for which Defendant Convicted:
**UNAUTHORIZED USE OF A MOTOR VEHICLE**

| Charging Instrument: | Statute for Offense: |
|---|---|
| **INDICTMENT** | **31.07 Penal Code** |

Date of Offense:
**3/6/2014**

| Degree of Offense: | Plea to Offense: | Findings on Deadly Weapon: |
|---|---|---|
| **STATE JAIL FELONY** | **GUILTY** | **N/A** |

Terms of Plea Bargain:
**1 YEAR STATE JAIL**

| Plea to 1st Enhancement Paragraph: | **N/A** | Plea to 2nd Enhancement/Habitual Paragraph: | **N/A** |
|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | **N/A** | Findings on 2nd Enhancement/Habitual Paragraph: | **N/A** |

| | |
|---|---|
| Date Sentence Imposed: **12/17/2014** | Date Sentence to Commence: **12/17/2014** |

| | |
|---|---|
| Punishment and Place of Confinement: | **1 YEARS STATE JAIL DIVISION, TDCJ** |

THIS SENTENCE SHALL RUN **CONCURRENTLY.**

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR **N/A** .

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|
| $ **N/A** | $ **-0-** | $ **N/A** | (see below) ☐ AGENCY/AGENT ☐ VICTIM |

☐ Attachment A, Order to Withdraw Funds, is incorporated into this judgment and made a part hereof.

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was **N/A** .

Time Credited:

If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order.

From **3/6/2014** to **12/17/2014** From to From to

From to From to From to

If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below.

**N/A DAYS**     NOTES: **N/A**

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Dallas County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**

☒ Defendant appeared in person with Counsel.



☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court found Defendant guilty of the offense indicated above. In the presence of Defendant, the Court pronounced sentence against Defendant.

The Court FINDS Defendant committed the above offense and ORDERS, ADJUDGES AND DECREES that Defendant is GUILTY of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

### Punishment Options (select one)

☒ **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, State Jail Division, TDCJ.** The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the Dallas County District Clerk Felony Collections Department. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the Sheriff of Dallas County, Texas on the date the sentence is to commence. Defendant shall be confined in the Dallas County Jail for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the Dallas County District Clerk Felony Collections Department. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the Office of the Dallas County District Clerk Felony Collections Department. Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

### Execution / Suspension of Sentence (select one)

☒ The Court ORDERS Defendant's sentence EXECUTED.

☐ The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

### Furthermore, the following special findings or orders apply:

MOTION FOR NEW TRIAL GRANTED PER JUDGE RICK MAGNIS.

---

**Signed and entered on December 17, 2014**

X _____
Rick Magnis
JUDGE PRESIDING

Clerk: D. GODBOLD

*Thumbprint Certification attached.

# JUDGMENT
## CERTIFICATE OF THUMBPRINT

**THE STATE OF TEXAS**

**VS.**

*Jose Delarosa*

**CAUSE NO. F** *14 52988* **-T**

**JUDICIAL 283rd** **DISTRICT COURT** _____

**DALLAS COUNTY, TEXAS**

**RIGHT THUMB**

**DEFENDANT'S** *R* **HAND**

THIS IS TO CERTIFY THAT THE FINGERPRINTS ABOVE ARE THE ABOVE-NAMED DEFENDANT'S FINGERPRINTS TAKEN AT THE TIME OF DISPOSITION OF THE ABOVE STYLED AND NUMBERED CAUSE.

DONE IN COURT THIS *17* DAY OF *December*, 20 *14*.

_____
**BAILIFF/DEPUTY SHERIFF**

*INDICATE HERE IF PRINT OTHER THAN DEFENDANT'S RIGHT THUMBPRINT IS PLACED IN BOX:

_____ LEFT THUMBPRINT          _____ LEFT/RIGHT INDEX FINGER

_____ OTHER, _____

SIGNED AND ENTERED ON THIS *17* DAY OF *Dec*, 20 *14*.

_____
**PRESIDING JUDGE**