**Opinion issued June 6, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————————

## NO. 01-12-00081-CR

————————————————

**ROBERT WHITFIELD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 87th District Court**
**Freestone County, Texas**
**Trial Court Case No. 9397B***

---

*    The Texas Supreme Court transferred this appeal from the Court of Appeals for the Tenth District of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

**O P I N I O N**

Appellant Robert Whitfield has filed an appeal solely challenging the trial court's finding under article 64.04 of the Texas Code of Criminal Procedure that it was not reasonably probable that he would not have been convicted if the results of DNA testing had been available during his trial. *See* TEX. CODE CRIM. PROC. ANN. art. 64.04 (West Supp. 2012). He contends that there was insufficient evidence supporting the trial court's finding. We dismiss the appeal for lack of jurisdiction.

The Court of Criminal Appeals held in *Holloway v. State*, 360 S.W.3d 480 (Tex. Crim. App. 2012), that a court of appeals should not address questions of the sufficiency of the evidence to support a trial court's finding under article 64.04. The Court held that because a writ of habeas corpus is only way to obtain postconviction relief based on DNA testing, any opinion of a court of appeals reviewing a trial court's findings under article 64.04 would be advisory. We lack jurisdiction to render advisory opinions. *Armstrong v. State*, 805 S.W.2d 791, 794 (Tex. Crim. App. 1991); *Ex parte Ruiz*, 750 S.W.2d 217, 218 (Tex. Crim. App. 1988); *see also* TEX. CONST. art. II, § 1.

We are not persuaded by the dissent's attempt to distinguish *Holloway* on the reasoning that it involved the State's appeal from a ruling in favor of the convicted person. The State is expressly authorized to appeal from an order issued under Chapter 64. TEX. CODE CRIM. PROC. ANN. arts. 44.01(a)(6), 64.05. If the

2

review of an article 64.04 finding is advisory on the State's direct appeal, it is also advisory when the appeal arises from a finding adverse to the Chapter 64 movant.

Accordingly, following the holding of the Court of Criminal Appeals in *Holloway*, we dismiss the appeal.


                                   Michael Massengale
                                   Justice

Panel consists of Justices Keyes, Massengale, and Brown.

Justice Keyes, dissenting

Publish.   TEX. R. APP. P. 47.2(b).