RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 01 2015

Abel Acosta, Clerk

UNITED STATE SUPREME COURT OF TEXAS
AUSTIN DIVISION

LEON HARRISON,                §      RE: CASE: No.14-13-00239-CR, Clerk
      Appellant              §          PDR No.PD-0392-14,
V.                           §          TC:#635921; CT:#230TH
                             §
THE STATE OF TEXAS,          §
          APPELLEE.          §

FILED IN
COURT OF CRIMINAL APPEALS

APR 01 2015

Abel Acosta, Clerk

## APPELLANT'S REQUEST COURT EN BANC TO CONSIDER COURT OF APPEALS DENIAL OF APPELLANT'S MOTION UNDER RULE 60(b)(5)

Appellant bring this action to request the Court to En Banc on considering the denial of 14th Court of Appeals and the Texas Court of Criminal's denial of Appellant pro se motion under Rule 60(b) (5), and will show the Court the following:

## Statement Of Case

The nature of the Motion is from the 14th Court of Appeals, affirming the trial court's unfavorable findings under article 64.04 of the Texas Code of Criminal Procedure, which was made on September 24,2012 (CR at 103). Appellant timely filed his pro se notice of appeal, pursuant to art.64.05, on October 16,2012, (CR at 108).

Appeant was appointed counsel in the appeal. On October 9,2013, appeal counsel filed Motion To Abate Appeal, pending the Court of Criminal Appeals out in WHITFIEELD v. STATE,No.01-12-00081-CR, 2013 WL 2456720 (Tex. App.-Houston [1st Dist.] June 6,2013,pet.granted.( In that case, the court of appeals dismissed Whitefield's appeal of the trial court's unfavorable findings for want of jurisdiction, citing STATE v. HOLLOWAY, 360 S.W.3d 480 (Tex.Crim.App.2012). The court of appeals summarized the holding in Holloway, as follows:

> [B]ecause a writ of habeas corpus is only (sic) way to obtain
> postconviction relief based on DNA testing, any opinion of a
> court of appeals reviewing a trial court's findings under arti-
> cle 64.04 would be advisory. We lack jurisdiction to render ad-
> visory opinions.

Appellant's case is in precisely the same posture as Whitfield's was on appeal and since the Court of Appeals affirm the 1st Court's major- ity opinion, the 14th Court of Appeal was obligated to dismiss the app- eal irrespective of any substantive issue he may have.

1.

The 14th Court of Appeals refused to address appeal counsel's motion to abate appeal and Appellant's pro se motion to correct appeals record under Rule 34.6(f) and (d),T.R.A.P., before the appointment of counsel, and appeal counsel motion to withdraw from case.

On February 27,2014 the Court of Appeals granted appeal counsel's motion to withdraw as attorney of record in the above cause number. Which inturn denied Appellant's pro se brief in this cause number. The Court of Criminal Appeals refused the Appellant's PDR thereafter.

On 10/23/14, Appellant filed his Motion of Leave to File Under Rule 60(b)(5),Fed.R.Civ.Proc., and court denied motion as being time barred to invoke its jurisdiction. On 1/29/15, Appellant filed under Rule 60 (b)(5), to the Court of Criminal Appeal. The Court of Criminal Appeals addressed the issue by informing Appeals the Court no-longer had its appellate record. On 1/30/15, Appellant filed a motion to the Court of appeals to reconsider court's denial of appeliant's motion under Rule 60(b)(5) under Court En Banc. The court never addressed motion. Now Appellant motion this Court to address his motion under Rule 60(b)(5).

## REASON FOR MOTION UNDER RULE 60(b)(5)

Under Rule 60(c), timely and effect of the motion. Appellant will show this Court he is well inwhich the one year time limit of the court's judgment in both the court of appeals and the court of criminal appeals.

Rule 60(c) Federal Rules of Civil Procedure states:

A motion under Rule 60(b) must be made within a reasonable time and for reasons (1),(2), and (3) no more then a year after the entry of the judgment or order or the date of the proceeding. (2) Effect on finlity. The motion does not affect the judgment's finality or suspend it's operation. (d) other powers to grant relief, this rule does not limit a court's power to: (1) entertain an in-dependent action to relieve a party from a judgment, order, or proceeding, (2) Grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the act on: (3) Set aside a judgment for fraud on the court. (e) bills and writs abolished abolished. The following are abolished: Bills of review, bills in the nature of bills of review, end writs of coram nobis, coram vobis,and (audita querela) [law latin "the complaint having been head"] a writ available to a judgment debtor who seeks a rehearing of a matter on

2.

grounds of newly discovered evidence or newly existing legal defenses. The writ of Audits Querela (=quarrel having been heard).. Introduced during the time of Edward III, was available to reopen a judgment in certain circumstances. It was issued as a remedy to defendants where on important matter concering his case arised since judgment. It issue was based on quitable, rather then common law pinciples. L.B.Curzon, English legal history 103 (2d Ed.1979)

Audita querela is distinguished from coram nobis in that coram nobis attacks the judgment itself, whereas Audita querela may be directed against the enforcement, or further enforcement of a judgment which when redered was just and unimpechable. TA C.J.S. Audita Querela § at 901 (1980).

Appellant case is a trial court's judgment not to find DNA results not favorable to Appellant's actual innocence claim inwhich he was excluded from the profile be DPS-crime lab, under Art.64.03-04 and 05 of Tex.Code.Crim.Proc., which Appellant appealed to the 14th Court of Appeals. Appellant was appointed appellate counsel which filed a motion to abate appeal pending the out-come of the Court of Criminal Appeals decision in, WHITFIELD v. STATE,409 S.W.3d 11 (2013); Reversed by 2014 Tex.Crim.App.LEXIS 689; Reversed by 430 S.W.3d 405 (July 22,2014 C.C.A.)- 2014 Tex.App.LEXIS 7902.

Appellant motions to the court of appeals and court of criminal appeals was timely inwhich Rule 60(c) states said motion must be made.

### PRAYER

Appellant have met the required showing of Rule 60(b)(5) & (c), and pray that this Court will En Banc to consider the court of appeals denial of Appellant's Motion of Leave Of Court Under Rule 60(b)(5) and in all things grant this motion. Appellant reserved the right to appeal any denial of this motion to the U.S. District Court Of The Southern District Of Texas.

Respectfully submitted,

LEON HARRISON #815719
POLUNSKY UNIT
3872 FM 350 So.
LIVINGSTON, TX 77351

3.

## CERTIFICATE OF SERVIVE

I do hereby certify that a true and correct copy of the above and foregoing pleading was requested by Appellant to the Clerk of the Court to forward a copy to the 14th Court of Appeals and all parties.

Respectfully submitted,

*Leon Harrison*

LEON HARRISON #815719
APPELLANT-PRO SE

4.

DATE:3/25/15               LEON HARRISON #815719
                          POLUNSKY UNIT
                          3872 FM 350 So.
                          LIVINGSTON, TX 77351

RECEIVED
IN SUPREME COURT
OF TEXAS

APR 01 2015

BLAKE HAWTHORNE, Clerk
By_____Deputy

SUPREME COURT OF TEXAS
CHIEF JUSTICE WALLACE JEFFERSON
PLACE 1, PO BOX 12248
AUSTIN, TEXAS 78711-2248


RE: LEON HARRISON V. STATE, No.14-13-00239-CR; TC.No.635921; COURT
    # 230TH DISTRICT COURT OF HARRIS TEXAS,


Dear Justice Jefferson:

  I would like to file this motion for the court under Rule 60(b)(5)
and bring to the docket to be ruled upon.

  Please have the Clerk of Court file a copy with the 14th Court of
Appeal and all parties a file date.

  Thank you for your time in this matter.



Respectfully submitted,

_Leon Harrison_
Appellant, pro se




CC:




i.